IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant The Wackenhut Corporation (incorrectly identified in Plaintiff's Complaint as "Wackenhut % Google Inc.") (hereinafter "Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(5), and submits this Memorandum of Law in Support of its Motion to Dismiss. Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety based on Plaintiff's failure to properly effect service of process.

## STATEMENT OF FACTS

This is an employment discrimination case. On March 12, 2007, Plaintiff (who is proceeding *pro se*) filed a Complaint alleging that Defendant discriminated against him. On or about March 19, 2007, Plaintiff <u>personally</u> effected service of process by hand delivering his Complaint to Defendant's branch office located at

DM2\1100517.1

1100 Circle 75 Parkway, Suite 4700, Atlanta, Georgia 30309 (the "branch office"). (Declaration of Theresa Kirby ("Kirby Decl.") at ¶ 4, attached hereto as Exhibit A). In addition, on March 21, 2007, Theresa Kirby, who is employed with Defendant as a Human Resources Manager, received, via regular mail, an envelope postmarked March 20, 2007, from Plaintiff containing the original, clerk-stamped Summons for this civil action. (Kirby Decl. at ¶ 5). The return of service portion of that Summons was blank and was not signed by a process server. (Id.).

### ARGUMENT AND CITATION OF AUTHORITY

**I.  PLAINTIFF FAILED TO PROPERLY EFFECT SERVICE OF PROCESS.**

Rule 4(c)(2) of the Federal Rules of Civil Procedure provides that: "Service may be effected by *any person who is not a party* and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added). Thus, the Federal Rules expressly prohibit a plaintiff from personally serving process upon a defendant. See Boltes v. Entex, 158 F.R.D. 110, 114 (S.D. Tex. 1994) (dismissing *pro se* plaintiff's complaint because plaintiff's personal service upon defendant violated Rule 4(c)(2)); Hassell v. United States, 203 F.R.D. 241, 245-246 (N.D. Tex. 1999) (dismissing *pro se* plaintiff's complaint, in part, based on plaintiff's failure to properly effect service of process); Browne v. N.Y.S. Court Sys., 599 F. Supp. 36,

38 (E.D.N.Y. 1984) (noting that a plaintiff cannot personally serve the complaint upon a defendant).

Here, Plaintiff filed his Complaint on March 12, 2007. In violation of Federal Rule 4(c)(2), on March 19, 2007, Plaintiff <u>personally</u> served Defendant with his Complaint. (Kirby Decl. at ¶ 4). Plaintiff's personal service of process upon Defendant does not constitute proper service under the Federal Rules, and therefore, Plaintiff's Complaint should be dismissed pursuant to Federal Rule 12(b)(5). <u>See</u> <u>Boltes</u>, 158 F.R.D. at 114 (dismissing complaint because plaintiff's personal service upon defendant violated Rule 4(c)(2)).

A review of the Court's CM-ECF system for this case indicates that on March 21, 2007 – the day after Plaintiff mailed the original Summons with a blank return of service section to Defendant – Plaintiff filed what must be a copy of the Summons [Docket Number 2] with the return of service section completed by someone named David K. Pittman, who claims to have effected service of process on Defendant on March 19, 2007. Defendant is at a loss to understand how Docket Number 2 could have a return of service dated March 19, 2007, when the original Summons with the blank return of service section was mailed to Defendant on March 20, 2007. Regardless, Defendant has not received any documents from anyone named David K. Pittman concerning this action. (Kirby Decl. at ¶ 6).

Rather, all documents received by Defendant in this case were personally served by Plaintiff. As Plaintiff has not offered any explanation for his attempt to circumvent the service of process requirements contained in the Federal Rules, and because Plaintiff has not properly effected service of process, his Complaint should be dismissed pursuant to Federal Rule 12(b)(5).

## CONCLUSION

For the forgoing reasons, Defendant The Wackenhut Corporation respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted this 5th day of April, 2007.

DUANE MORRIS LLP

/s/ Terry P. Finnerty
Terry P. Finnerty
Georgia Bar No. 261561

1180 West Peachtree Street
Suite 700
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia.  Counsel hereby states that this filing has been typed in Times New Roman 14 font.

/s/ Terry P. Finnerty
Terry P. Finnerty

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES,           )<br>                         )<br>    Plaintiff,         )<br>                         )<br>v.                       )<br>                         )<br>WACKENHUT % GOOGLE INC., )<br>                         )<br>    Defendant.           ) | Case No: 1:07-CV-0567-CC-RGV |

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2007, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system.

I further certify that on this on this 5th day of April, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Donald Jones
>4550 Washington Road, #6A
>College Park, Georgia  30349

>Donald Jones
>P.O. Box 261
>Red Oak, Georgia  30272

>/s/ Terry P. Finnerty
>Terry P. Finnerty
>
>Attorney for Defendant
>The Wackenhut Corporation

DM2\1100517.1