IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No: 1:07-CV-0567-CC-RGV |
| | ) |
| WACKENHUT % GOOGLE INC., | ) |
| | ) |
|     Defendant. | ) |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant The Wackenhut Corporation (incorrectly identified in Plaintiff's Complaint as "Wackenhut % Google Inc.") (hereinafter "Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(5), and submits this Reply Brief in Support of its Motion to Dismiss. Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety based on Plaintiff's failure to properly effect service of process.

## ARGUMENT

In his "Response to Defendant's Motion to Dismiss" (hereinafter "Response"), Plaintiff asserts that he has properly effected service of process in this matter. Plaintiff, however, fails to cite any admissible evidence showing that he properly effected service of process. He has not rebutted Theresa Preg's sworn

DM2\1114774.1

testimony that he personally effected service of process. Moreover, Plaintiff still has not explained how the executed Summons which he filed with the Court could have a return of service dated March 19, 2007, when the original Summons (with the raised seal from the Clerk of Court) with the blank return of service section was mailed to Defendant on March 20, 2007.

Equally as important, in his Response, Plaintiff concedes that a Summons was not served with his Complaint. Rather, Plaintiff himself later sent "a copy of the summons" to defense counsel via certified mail.[1] (Response at p. 1). In doing so, Plaintiff contravened the service of process requirements set forth in Rule 4(c)(1) and 4(c)(2) of the Federal Rules of Civil Procedure. See Boltes v. Entex, 158 F.R.D. 110, 114 (S.D. Tex. 1994) (dismissing *pro se* plaintiff's complaint because plaintiff's personal service upon defendant violated Federal Rule 4(c)(2)). For these reasons, and as discussed more fully in Defendant's Memorandum of Law in Support of its Motion to Dismiss, Plaintiff's Complaint should be dismissed pursuant to Federal Rule 12(b)(5).

---

[1] On April 10, 2007, Plaintiff himself mailed a copy of the Summons, via certified mail, to defense counsel (who is not authorized to accept service of process for Defendant).

Respectfully submitted this 19th day of April, 2007.

          DUANE MORRIS LLP

          /s/ James P. Ferguson, Jr.
          Terry P. Finnerty
          Georgia Bar No. 261561
          James P. Ferguson, Jr.
          Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia.  Counsel hereby states that this filing has been typed in Times New Roman 14 font.

/s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, 2007, I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system.

I further certify that on this 19th day of April, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Donald Jones
>P.O. Box 261
>Red Oak, Georgia  30272

>/s/ James P. Ferguson, Jr.
>James P. Ferguson, Jr.
>
>Attorney for Defendant
>The Wackenhut Corporation

DM2\1114774.1