IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

**(b) Summarize, in the space provided below, the facts of this case.**

**The summary should not be argumentative nor recite evidence.**

This is a discrimination case. Donald Jones ("Plaintiff") is an African-American male who is above the age of 40. He was formerly employed with The Wackenhut Corporation ("Defendant") as a security officer. Plaintiff was placed on a guarding assignment at Google.

DM2\1124228.1

Dockets.Justia.com

Plaintiff contends that Defendant terminated his employment in a discriminatory manner based on his race and age. Defendant contends that Plaintiff was discharged for legitimate, non-discriminatory business reasons and that the allegations contained in Plaintiff's Complaint are unsubstantiated and without merit. The parties reserve the right to supplement this statement as necessary.

**(c)  The legal issues to be tried are as follows**:

1.  Whether Plaintiff can prove that Defendant violated 42 U.S.C. § 2000e et seq.

2.  Whether Plaintiff can prove that Defendant violated 29 U.S.C. § 621 et seq.

3.  Whether Plaintiff can prove that he is entitled to any damages in this case.

**(d)  The cases listed below (include both style and action number) are**:

**(1) Pending Related Cases**: Defendant contends that there are no pending related cases. Plaintiff contends that he has a claim for unemployment benefits, which he may file in superior court, and that the unemployment benefits claim is a pending related case.

**(2) Previously Adjudicated Related Cases**: None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

    **\_\_\_\_\_ (1)    Unusually large number of parties**

    **\_\_\_\_\_ (2)    Unusually large number of claims or defenses**

    **\_\_\_\_\_ (3)    Factual issues are exceptionally complex**

    **\_\_\_\_\_(4)    Greater than normal volume of evidence**

    **\_\_\_\_\_ (5)    Extended discovery period is needed**

    **\_\_\_\_\_ (6)    Problems locating or preserving evidence**

    **\_\_\_\_\_ (7)    Pending parallel investigations or action by government**

    **\_\_\_\_\_ (8)    Multiple use of experts**

    **\_\_\_\_\_ (9)    Need for discovery outside United States boundaries**

    **\_\_\_\_\_ (10)   Existence of highly technical issues and proof**

Defendant does not contend that this is a complex case.  Plaintiff contends that this case is complex because it may involve "multiple use of experts" and the "existence of highly technical issues and proof."

**3.    Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff**:  Donald Jones, who is proceeding *pro se*

**Defendant**:  Terry P. Finnerty

**4.    Jurisdiction**:

**Is there any question regarding this court's jurisdiction?**

**____ Yes     __X__ No**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.    Parties to This Action:**

**(a)    The following persons are necessary parties who have not been joined**:  Not applicable.

**(b)    The following persons are improperly joined as parties**:

**(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted**:

Defendant maintains that its proper name is The Wackenhut Corporation, not "Wackenhut % Google Inc."

**(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any**

**contentions regarding misjoinder of parties or errors in the statement of a party's name**.

**6.   Amendments to the Pleadings**:

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary**:

At this time, Defendant does not anticipate filing any amendments to the pleadings.  Plaintiff has indicated that he may file an Amended Complaint.

**(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.   Filing Times For Motions**:

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below**.

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

**(a)    Motions to Compel:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.**

**(b)    Summary Judgment Motions:  within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1**.

**(c)    Other Limited Motions:  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration**.

**(d)    Motions Objecting to Expert Testimony:  <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.**

**8.    Initial Disclosures**:

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection**.

The parties do not object to serving Initial Disclosures.

**9.     Request for Scheduling Conference**:

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party**.

Defendant does not believe that a scheduling conference with the Court is necessary at this time. Plaintiff requests a scheduling conference with the Court.

**10.    Discovery Period**:

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Liability and damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:** None.

**11.   Discovery Limitation**:

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.** None.

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?** None.

**13.   Settlement Potential:**

**(a)   Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 23, 2007, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party**.

**For Plaintiff**: Donald Jones

   Counsel (signature):  s / Donald Jones

   Other participants:  None

**For Defendant**:  James P. Ferguson, Jr.

Counsel (signature):  <u>s / James P. Ferguson, Jr.</u>

Other participants:  None

**(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now**:

**(_____)  A possibility of settlement before discovery.**

**(\_\_X\_\_)  A possibility of settlement after discovery.**

**(_____)  A possibility of settlement, but a conference with the judge is needed.**

**(_____)  No possibility of settlement.**

**(c)  Counsel (_____) do or (\_\_\_\_\_X\_\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is:**  The parties have not set a date for their next settlement conference.

**(d)  The following specific problems have created a hindrance to settlement of this case**.  None.

**14.   Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties (\_\_\_\_) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_ day _____, of 2006**.

**(b)    The parties (\_\_X\_\_\_) do not consent to having this case tried before a magistrate judge of this court**.

Respectfully submitted this 1st day of May, 2007.

DUANE MORRIS LLP

s / James P. Ferguson, Jr.
Terry P. Finnerty
Georgia Bar No. 261561
James P. Ferguson, Jr.
Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)
Attorneys for Defendant
The Wackenhut Corporation

s / Donald Jones
Donald Jones
*Pro Se*

P.O. Box 261
Red Oak, GA  30272
(678) 360-1505 (telephone)
(404) 766-8518 (facsimile)
Plaintiff

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 count.

s / James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES,            ) | |
|            ) | |
|     Plaintiff,            ) | |
|            ) | |
| v.            ) | Case No: 1:07-CV-0567-CC-RGV |
|            ) | |
| WACKENHUT % GOOGLE INC.,  ) | |
|            ) | |
|     Defendant.            ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2007, I electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system.

I further certify that on this 1st day of May, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>    Donald Jones
>    P.O. Box 261
>    Red Oak, GA  30272

>                                   s / James P. Ferguson, Jr.
>                                   James P. Ferguson, Jr.

>                                   Attorney for Defendant
>                                   The Wackenhut Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

**IT IS SO ORDERED, this**_____ **day of** _____**, 2007.**

_____
The Honorable Clarence Cooper
United States District Judge

DM2\1124228.1