IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONALD JONES,                )
                             )
    Plaintiff,              )
                             )
v.                           )   Case No: 1:07-CV-0567-CC-RGV
                             )
WACKENHUT % GOOGLE INC.,     )
                             )
    Defendant.              )

## DEFENDANT'S INITIAL DISCLOSURES

COMES NOW Defendant The Wackenhut Corporation ("Defendant" or "Wackenhut"), and submits its Responses to the following initial disclosures as required by this Court's Local Rule No. 26.1:

**1.  If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

The Wackenhut Corporation was Plaintiff's employer. Plaintiff's Complaint incorrectly refers to Wackenhut as "Wackenhut % Google Inc." As detailed in Wackenhut's pending Motion to Dismiss, Plaintiff has not yet properly effected service of process. Wackenhut stands ready and willing to defend this lawsuit should Plaintiff properly effect service of process.

**2. Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.**

Wackenhut does not contend that any necessary, unnamed parties exist in this matter.

**3. Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

The allegations contained in Plaintiff's Complaint are unsubstantiated and without merit. Plaintiff was hired by Wackenhut in or about February 2003 as a security officer, and as such, he formerly provided security services at a Google, Inc. ("Google") facility, as well as other facilities, in the greater Atlanta area.

During his guarding assignment at Google, Plaintiff received several reprimands for poor job performance and for displaying an unacceptable attitude. Plaintiff's guarding assignment at Google ended on or about July 21, 2006, following an incident where a Google representative complained to Wackenhut that Plaintiff was asleep at his post.

Thereafter, Plaintiff was placed on another guarding assignment at another Wackenhut client company, General Electric ("GE"). The GE assignment entitled Plaintiff to a higher rate of pay, based on the contractual rate agreed upon by Wackenhut and GE, than he had received during his Google assignment. On or

about August 7, 2006, Plaintiff tendered his resignation effective the following day. Thus, Plaintiff did not suffer an adverse action at the hands of Wackenhut.

As the evidence will reflect, Plaintiff was at no time subjected to any unlawful discrimination or retaliation by any Wackenhut employee. To the contrary, Plaintiff was at all times treated by Wackenhut in a non-discriminatory and non-retaliatory manner. Wackenhut reserves the right to supplement this statement as necessary.

**4.    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Illustrative cases and statutes which Defendant may rely upon are:

**Relevant Statutes**: 42 U.S.C. § 2000e, et seq. and 29 U.S.C. § 621 et seq.

**Relevant case law**: McDonnell Douglas v. Green, 411 U.S. 792 (1973); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981); Holifield v. Reno, 115 F.3d 1555 (11th Cir. 1997); Tipton v. Canadian Imperial Bank of Commerce, 872 F.2d 1491 (11th Cir. 1989); Sullivan v. National R.R. Passenger Corp., 170 F.3d 1056 (11th Cir. 1999); Addison v. Gwinnett County, 917 F. Supp. 802 (N.D. Ga. 1995); Kolstad v. American Dental Assoc., 527 U.S. 526 (1999).

Defendant reserves the right to supplement this response at a later date.

**5.    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)**

Please see Attachment A.

**6.    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

At this time, Defendant has not identified any expert witness it intends to use at trial. If Defendant decides to use expert witnesses, it will supplement this response.

**7.    Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)**

Please see Attachment C.

**8.    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)**

4

At this time, Defendant does not claim damages in this suit, except for its costs and attorneys' fees incurred in this case.

**9.    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

At this time, Defendant does not currently contend that any person or legal entity is liable to Plaintiff or Defendant in this matter.

**10.    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)**

Defendant is not aware of any insurance agreement that relates to the matters alleged in the Complaint.

Respectfully submitted this 4th day of May, 2007.

                DUANE MORRIS LLP

                s/James P. Ferguson, Jr.
                Terry P. Finnerty
                Georgia Bar No. 261561
                James P. Ferguson, Jr.
                Georgia Bar No. 258743

1180 West Peachtree Street, Suite 700
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)
Counsel for Defendant

## **Attachment A**

The following persons may have knowledge regarding Plaintiff's job duties and performance, the allegations contained in Plaintiff's Complaint and/or Plaintiff's separation from Wackenhut:

1. Plaintiff

2. Jennifer Turner

3. Burkeley Godfrey

4. Carlos Garcia

5. Theresa Kirby

6. J.E. Penifold

7. Any witnesses identified in Plaintiff's Initial Disclosures or Plaintiff's written discovery responses and any witnesses identified during the depositions taken by the parties during the discovery period.

Jennifer Turner, Burkeley Godfrey, Carlos Garcia and Theresa Kirby are current Wackenhut employees and may be contacted through the undersigned counsel for Defendant. Based upon information and belief, J.E. Penifold is currently employed with Google in a management position. Defendant reserves the right to supplement this list as additional relevant witnesses are identified during the discovery period.

**Attachment C**

Below, Defendant has described the documents that it maintains are relevant to the facts alleged in the pleadings. Copies of these items are maintained at the offices of defense counsel. Defendant reserves the right to supplement this list as applicable documents are made known to defense counsel.

1. Relevant portions of Wackenhut's employee handbook and other workplace policies and procedures;

2. Relevant portions of Plaintiff's personnel file and performance records;

3. Relevant documents related to Plaintiff's EEOC charges;

4. Plaintiff's time sheets and payroll records;

5. Documents or other information listed or identified in Plaintiff's Initial Disclosures, Plaintiff's and Defendant's discovery responses, deposition exhibits, or otherwise disclosed during the course of discovery in this matter.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 font.

                                                                      s/James P. Ferguson, Jr.
                                                                      James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
|    Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2007, I electronically filed the foregoing **DEFENDANT'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system.

I further certify that on this 4th day of May, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Donald Jones
    P.O. Box 261
    Red Oak, GA  30272

                                        s/James P. Ferguson, Jr.
                                        James P. Ferguson, Jr.

                                        Attorney for Defendant