# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONALD JONES,

    Plaintiff,

v.

WACKENHUT % GOOGLE INC.,

    Defendant.

CIVIL ACTION NO.
1:07-CV-567-CC-RGV

## MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION

Defendant, identifying itself as "The Wackenhut Corporation," ("Wackenhut")[1] has filed a Motion to Dismiss in which it seeks dismissal of this action based on insufficient service of process. [Doc. 4]. Presently before this Court is that motion and plaintiff's response in opposition. [Doc. 6]. For the following reasons, the undersigned Magistrate Judge recommends that Wackenhut's motion be **DENIED** without prejudice at this time.

In federal court, service of process is governed by Rule 4 of the Federal Rules

---

[1] Wackenhut asserts that it was improperly identified in the complaint as "Wackenhut % Google Inc." Plaintiff asserts in a "Motion of Amendments to the Pleadings," [Doc. 13], which is not yet ripe, that he has filed this action as a joint action against Wackenhut and its "client Google Inc." In this Report and Recommendation, the Court addresses the sufficiency of service as it relates to Wackenhut only and not as it relates to "Google Inc."

of Civil Procedure. Rule 4(c)(1) states, "A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint." FED. R. CIV. P. 4(c)(1). Rule 4(m) grants a plaintiff an initial period of 120 days in which to effect proper service upon a defendant, providing in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Pursuant to Rule 4(c)(2), "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." FED. R. CIV. P. 4(c)(2). Service upon a corporation may be effected either by (1) complying with the requirements of service under the law of the state in which the district court is located or in which service is effected, or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1).[2]

---

[2] In lieu of service, a plaintiff may comply with Rule 4(d)(2) in requesting a waiver from a defendant so as to avoid the costs associated with service. See FED.

Plaintiff filed his complaint on March 12, 2007. [Doc. 1]. On March 21, 2007, he filed a Return of Service, signed by David K. Pittman, which states that Pittman, plaintiff's friend, personally served "Wackenhut % Google Inc." with a copy of the summons and complaint on March 19, 2007. [Doc. 2]. However, Theresa A. Kirby, Wackenhut's Human Resources Manager, states in a sworn declaration dated April 5, 2007:

> During my employment with Wackenhut, I have become personally acquainted with [plaintiff], who was formerly employed with Wackenhut as a security officer. . . . On or about March 19, 2007, I observed [plaintiff] in the lobby at Wackenhut's branch office. He hand-delivered a package containing his Complaint in the above-captioned civil action. . . . On March 21, 2007, I received, via regular mail, an envelope postmarked March 20, 2007, from [plaintiff] containing the original, clerk-stamped Summons (with the raised seal from the Court Clerk's office) for this civil action. The return of service portion of that Summons was blank and was not signed by a process server. . . . Other than the Complaint that was hand delivered by [plaintiff] on March 19, 2007, Wackenhut has not been served with any other copies of [plaintiff's] Complaint. To the best of my knowledge, Wackenhut has not received any documents from David K. Pittman concerning this action.

[Doc. 4, Ex. A ¶¶ 3-6]. Plaintiff states in his response:

> The defendant is saying in a declaration of Ms. Theresa A. Kirby that the plaintiff and not the process server Mr. Diavd [sic] K. Pittman service [sic] the complaint. Ms. Kirby is perjury [sic] herself and is under penalty. The defendant is saying that he did not receive a copy of the summons. The plaintiff who is a pro-se made a [sic] honest mistake [sic] a copy of the summons is in the mail certified.

R. CIV. P. 4(d)(2).

[Doc. 6]. In its reply, Wackenhut states that plaintiff sent its counsel a copy of the summons via certified mail on April 10, 2007. [Doc. 8 at 2 n.1].

Wackenhut contends that this action should be dismissed because, despite efforts to do so, plaintiff has not effected proper service on it. Generally, a defendant cannot overcome the presumption of valid service created by an executed return of service by simply submitting an affidavit in which service is denied. See O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993); DIRECTV, Inc. v. Carlson, No. 1:03CV831-T, 2004 WL 1809917, *2 (M.D. Ala. 2004). In this case, however, Wackenhut has submitted a specific sworn declaration detailing why service is insufficient, and plaintiff has conceded in response that he did not serve a copy of the summons upon Wackenhut. [Doc. 6]. Accordingly, putting aside the disputed issue of whether plaintiff personally served defendant or used a process server, the record before the Court shows that service of process upon Wackenhut was insufficient on the date of Wackenhut's motion. See FED R. CIV. P. 4(c)(1) & (c)(2). Insofar as plaintiff has only attempted to cure the insufficiency of service of process by mailing a copy of the summons to Wackenhut's counsel, service of process remains insufficient. See FED R. CIV. P. (h)(1); Hassell v. United States, 203 F.R.D. 241, 246 (N.D. Tex. 1999) (service ineffective where law required service to be effected by a person who was not a party and plaintiff himself mailed a copy of the

4

complaint to defendant); In re Rae, 286 B.R. 675, 677 (Bankr. N.D. Ind. 2002) ("[A]n attorney will be considered an agent for service of process only if counsel has been appointed for that precise task").

Nevertheless, the period of time allotted for service under Rule 4(m) has not expired, and plaintiff has until July 10, 2007, to cure any defects and effect proper service upon Wackenhut. No authority cited by Wackenhut supports dismissal for insufficient service of process before that time. See Hassell, 203 F.R.D. at 246 (after ineffective service under Rule 4(m), granting plaintiff an additional thirty days in which to cure defects in service); Boltes v. Entex, 158 F.R.D. 110, 112-13 (S.D. Tex. 1994) (defendant moved for dismissal after ineffective service within 120 days after filing of the complaint); Browne v. N.Y.S. Court Sys., 599 F. Supp. 36, 38 (E.D.N.Y. 1984) (dismissing complaint but not stating period of time in which plaintiff failed to serve some defendants and served others himself). Accordingly, the undersigned recommends that Wackenhut's Motion to Dismiss be denied without prejudice to Wackenhut to reassert its motion after the expiration of the 120-day period allotted to plaintiff to serve process.

For these reasons, **IT IS THEREFORE RECOMMENDED** that Wackenhut's Motion to Dismiss, [Doc. 4], be **DENIED** without prejudice.

**IT IS SO RECOMMENDED** this 11th day of May, 2007.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE