## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONALD JONES,

      Plaintiff,

                             CIVIL ACTION NO.

v.                           1:07-CV-567-CC-RGV

WACKENHUT and GOOGLE, INC.,

      Defendants.

### ORDER

On May 7, 2007, plaintiff filed a Motion of Amendments to the Pleadings. [Doc. 13]. Thereafter, he filed an Amended Complaint, naming Wackenhut and Google, Inc., as defendants. [Doc. 18]. Given that plaintiff did not need the permission of the Court to file an Amended Complaint, see FED. R. CIV. P. 15(a), and has already done so, the Court hereby **DENIES** plaintiff's motion to amend, [Doc. 13], as moot.

On May 24, 2007, plaintiff filed a document entitled "Plaintiff Motion For The Magistrate Judge's To Carify Is Recommendation," in which plaintiff states that "the recommendation is not clear." [Doc. 19]. Plaintiff's motion does not seek any relief, but simply poses two questions, quoted verbatim: (1) "Is the magistrate judge saying that Mr. David k. Pittman did not service the complaint on Wackenhut and the plaintiff hand delivered on march 19, 2007 himself?"; (2) "Is the magistrate judge saying the plaintiff an Mr. Pittman perjury themselves like the defendant say?" [Id.].

Dockets.Justia.com

Plaintiff's "motion for clarification essentially constitutes a request for an advisory opinion, which, of course, the Court cannot issue." Essex Builders Group, Inc. v. Amerisure Ins. Co., No. 6:04-cv-1838-Orl-22JGG, 2006 WL 3735743, *8 (M.D. Fla. Dec. 13, 2006); Nat'l Adver. Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005) ("Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes."). Accordingly, plaintiff's motion for clarification is hereby **DENIED**.

**IT IS SO ORDERED** this 30th day of May, 2007.


_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE