UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. 1:07-CV-0567-CC-RGV |
| ) | |
| GOOGLE, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS

COMES NOW Defendant Google, Inc. ("Google"), through counsel, and files this Memorandum of Law in Support of Defendant Google, Inc.'s Motion to Dismiss showing the Court as follows.

## STATEMENT OF FACTS

Plaintiff Donald Jones ("Plaintiff" or "Jones") was employed by Wackenhut Corporation ("Wackenhut") on February 23, 2003. (Complaint at ¶ 8.) He was assigned by Wackenhut to the facility of Google located at 101 Aquila Way in

Austell, Georgia. *Id.* According to Plaintiff's Complaint[1], on July 21, 2006, he was told by his Wackenhut supervisor that a Google "representative" had observed him sleeping while on duty. *Id.* Wackenhut allegedly suspended Plaintiff and later terminated his employment. *Id., see also* ¶ 4.

During his employment with Wackenhut, Plaintiff filed three EEOC charges, each of which were attached to the Complaint and incorporated by reference therein. *See* Complaint at ¶ 10. Plaintiff's first EEOC charge, Charge No. 410-2006-01718, was filed against Wacken Hut (sic), and alleged that he anticipated that he would be fired by Wacken Hut (sic) due to his age and as retaliation for unspecified protected activity. *See* May 16, 2006 Charge of Discrimination ("May 16 Charge"), attached to and incorporated in Plaintiff's Complaint. Plaintiff filed his second charge, Charge No. 410-2006-02081, on June 14, 2006, again against Wacken Hut (sic), alleging only retaliation. *See* June 14, 2006 Charge of Discrimination ("June 14 Charge"), attached to and incorporated in Plaintiff's Complaint. The June 14 Charge alleged that his employer, Wackenhut, made a payroll deduction in retaliation for his first charge. *Id.* On July 24, Plaintiff

---

[1] The above caption reflects the caption of Plaintiff's Complaint. However, although Plaintiff's Complaint purports to be an amended complaint, the only change from the original complaint was to delete Wackenhut from the caption, although the allegations against Wackenhut remain.

amended his second charge, also against Wacken Hut (sic), adding additional facts, and including a charge of age discrimination. *See* July 24, 2006 Charge of Discrimination ("July 24 Charge"), attached to and incorporated Plaintiff's Complaint.

On December 11, 2006, the EEOC issued a Dismissal and Notice of Suit Rights regarding Charge No. 410-2006-02081 (the June 14 and July 24 Charges), which was attached to the Complaint and incorporated by reference therein. *See* Complaint at ¶ 11; *see also* Dismissal and Notice of Suit Rights, attached to Plaintiff's Complaint. The Dismissal and Notice of Suit Rights regarding Charge No. 410-2006-02081 was copied to Patricia B. Marmon, Director EEO/AA Programs at Wackenhut and did not identify Google.[2]

On March 12, 2007, Plaintiff filed a Complaint in the United States District Court for the Northern District of Georgia, alleging race and age discrimination against "Wackenhut % Google." No service was attempted on Google at that time. Following the grant of Plaintiff's Motion of "Amendments to the Pleadings," Plaintiff filed his Amended Complaint against Google.

---

[2] Plaintiff's Complaint does not incorporate or reference a Notice of Right to Sue regarding Charge No. 410-2006-01718.

Google was served with Plaintiff's Complaint, alleging claims of age and race discrimination on June 1, 2007. The Complaint neither references nor incorporates any charge of discrimination or Notice of Right to Sue related to Google.

**ARGUMENT**

I. **PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES PURSUANT TO DEFENDANT GOOGLE AND THEREFORE FAILS TO STATE A CLAIM.**[3]

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006), *reh'g denied* ___ F.3d ___, (11th Cir. 2006). Dismissal is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). This is exactly such a case. Plaintiff failed to pursue and exhaust his administrative remedies by filing an EEOC charge and receiving a valid Notice

---

[3] Defendant's Motion is based solely on Plaintiff's failure to exhaust administrative remedies, and does not address other potential deficiencies in the merits of Plaintiff's claim (*e.g.,* he was not an employee of Google). Google reserves and does not waive the right to address issues related to the substantive merits of Plaintiff's claims in further dispositive motions.

4

of Right to Sue regarding Google. Due to this failure, there is no set of facts upon which he can make a claim of discrimination against Google.

      A.     **P**LAINTIFF HAS NOT FILED AN **EEOC** CHARGE AGAINST **G**OOGLE.

Plaintiff's Complaint is based on allegations of discrimination related to his employment and is therefore brought pursuant to Title VII of the Civil Rights Act of 1964. *See* Complaint at ¶ 3. Title VII dictates administrative procedures which must be followed prior to initiating an action in federal court. *See* 42 U.S.C. § 2003-5(e). Without following this statutory process, a plaintiff cannot bring a claim in federal court. *See Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000) ("…[U]nless the alleged acts of discrimination have been made the subject of a timely-filed EEOC charge of discrimination, the alleged acts cannot form the basis of a claim,"), *reh'g denied*, 218 F.3d 749 (2000) and *Thomas v. Ala. Council on Human Relations, Inc.*, 248 F. Supp.2d 1105, 1114-16 (M.D. Ala. 2003) ("If a plaintiff fails to file an EEOC charge before the 180-day limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust administrative remedies").

It is clear from the face of Plaintiff's Complaint that he has never pursued an EEOC charge against Google. Each of the references in his Complaint relate to the EEOC charges against Wackenhut only, and Plaintiff neither incorporates nor

references any other charge of discrimination. Given the legal requirement that he first present his claim against Google to the EEOC, his claims in this Court must be dismissed.

Even if Plaintiff had included Google as a responding party in his charges, none of the charges referenced in his Complaint raise a race claim. Thus, his claims for race discrimination must also be dismissed. *See Zellars v. Liberty Nat. Life Ins. Co.*, 907 F. Supp. 355, 358 (M.D. Ala. 1995) ("[A] Title VII plaintiff cannot bring any claim in a lawsuit that was not included in his or her EEOC charge"). This Court has held that where an EEOC charge identified only national origin as the basis for the charge, the EEOC could not be expected to also investigate retaliation, and Plaintiff could not then pursue a retaliation claim in federal court. *Dowlatpanah v. Wellstar Douglas Hospital*, No. 1:05-CV-2752-WSD-RGV, 2006 WL 4093123 (N.D. Ga. 2006), *report and recommendation adopted*, 2007 WL 639875 (N.D. Ga. Feb. 26, 2007). Similarly, Plaintiff's charges here do not include race discrimination, and the claim for race discrimination accordingly must be dismissed.

    **B.**    **PLAINTIFF DOES NOT HAVE A NOTICE OF RIGHT TO SUE RELATED TO DEFENDANT GOOGLE.**

"It is well established that prior to commencing a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the

6

discriminating party **and** receive statutory notice from the EEOC of her right to sue the respondent named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) (emphasis added).

Thus, even if Plaintiff had brought a charge of discrimination regarding Google, he could not properly bring this case in this Court without a Notice of Right to Sue. Plaintiff's Notice of Right to Sue references only his June 14 and July 24 charges against Wackenhut. *See* Complaint at ¶ 11. In addition, because the Charge upon which the Right to Sue is based includes only retaliation and age and not race, Plaintiff has not been issued a valid Right to Sue for a race claim and his race claim is not properly before this Court regardless of the defendant.

## **CONCLUSION**

For the reasons stated herein, Google respectfully requests that this Court dismiss Plaintiff's Amended Complaint, and grant Google all other relief which this Court may deem just and proper.

Respectfully submitted, this the 11th day of June, 2007.

[*Signatures of Counsel appear on next page*]

|  |  |
|---|---|
|  | WOMBLE CARLYLE SANDRIDGE & RICE, PLLC |
|  |  |
|  | By: /s/ Jonathon A. Fligg |
| One Atlantic Center, Suite 3500 | Jonathon A. Fligg |
| 1201 West Peachtree Street | State Bar No. 266402 |
| Atlanta, Georgia 30309 |  |
| (404) 962-7541 direct phone |  |
| (404) 870-8186 direct fax |  |
|  | Charles A. Edwards, GA Bar No. 240300 |
|  | Theresa Sprain, NCSB No. 24540 (will be filing pro hac vice application) |
|  | Womble Carlyle Sandridge & Rice, PLLC |
|  | 150 Fayetteville Street |
|  | Raleigh, NC  27601 |
|  | Phone:  (919) 755-2100 |
|  | Fax:  (919) 755-2150 |
|  |  |
|  | **Attorneys for Defendant Google, Inc.** |

## CERTIFICATE OF TYPE SIZE AND STYLE

Counsel for Defendant Google, Inc. hereby certifies that the size and style of type used in the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS** is Times New Roman: 14 point.

                                      WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

                                      By: /s/ Jonathon A. Fligg

One Atlantic Center, Suite 3500     Jonathon A. Fligg
1201 West Peachtree Street           State Bar No. 266402
Atlanta, Georgia 30309
(404) 962-7541 direct phone        **Attorneys for Defendant Google, Inc.**
(404) 870-8186 direct fax

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 11, 2007, a true and correct copy of the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GOOGLE, INC.'S MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James P. Ferguson, Jr., Esq.
Terry Patrick Finnerty, Esq.
ATTORNEYS FOR WACKENHUT
Duane Morris
1180 West Peachtree Street, N.W.
Suite 700
Atlanta, GA 30309-3448

and by placing same in the United States postal service with proper postage affixed thereto and addressed to the following:

Donald Jones, Pro Se
P.O. Box 261
Red Oak, GA  30272

      This 11th day of June, 2007.

                                                        /s/ Jonathon A. Fligg
                                                   Jonathon A. Fligg
                                                   State Bar No. 266402

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 962-7541- direct phone
(404) 870-8186 direct fax

WCSR  3623957v1