# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONALD JONES,

      Plaintiff,

v.

WACKENHUT and GOOGLE, INC.,

      Defendants.

CIVIL ACTION NO.
1:07-CV-567-CC-RGV

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 13, 2007, plaintiff, proceeding *pro se* and utilizing the Court's form Title VII Complaint, filed this action against "Wackenhut % Google Inc." [Doc. 1]. Utilizing that same form complaint, plaintiff later filed an amended complaint, naming Wackenhut and Google, Inc., as defendants. [Doc. 18]. Presently pending is Google's Rule 12(b)(6) Motion to Dismiss, seeking dismissal on the grounds that plaintiff has failed to administratively exhaust his claims against it.[1] [Doc. 24]. Plaintiff has responded. [Doc. 26]. For the following reasons, the undersigned Magistrate Judge **RECOMMENDS** that Google's motion be **GRANTED**.

In considering a defendant's motion to dismiss, the court accepts the

---

[1] Google expressly states that it does not seek dismissal at this time on the grounds that it did not employ plaintiff. Therefore, the Court does not address this issue.

plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U. S. 41, 47 (1957)). Ultimately, the complaint is only required to contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

In his amended complaint, plaintiff asserts claims of race and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and, presumably, the Age Discrimination in Employment Act, 29 U.S.C. § 626 *et seq.* ("ADEA"). [Doc. 18 ¶¶ 3, 6]. Plaintiff states that he has "filed a charge with the EEOC regarding defendant(s)" and "attached a copy of [his] charge(s)," which "are incorporated into this complaint." [Doc. 18 ¶ 10]. Attached to plaintiff's amended complaint is a Dismissal and Notice of Rights issued by the EEOC regarding Charge 410-2006-02081, a copy of which plaintiff filed with the Court on March 26, 2007, and expressly incorporated into his complaint. [Doc. 3]. Charge 410-2006-02081, which is actually comprised of two separate charges filed on June 14, 2006, and July 24, 2006, lists "Wacken Hut" (sic) as his employer and alleges:

2

> I have been employed with the above-named employer since February 23, 2003, as a Security Officer. I have been retaliated against for having previously filed a charge of discrimination with the EEOC in that wages were deducted from my paycheck. On July 21, 2006, I was suspended without pay for three days. Ms. Linda LNU, Payroll Manager, advised me that my supervisor, Jennifer Turner, instructed payroll to make the overpayment deduction. Ms. Turner told me that I was suspended for sleeping on the job. I believe that I have been retaliated against because I previously filed a charge of discrimination with the EEOC (charge no. 410-2006-01718), in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967, as amended.

[See Doc. 3]. Charge 410-2006-01718, dated May 16, 2006, which has been filed with the Court and incorporated into the complaint, likewise lists "Wacken Hut" (sic) as plaintiff's employer and alleges:

> I am employed at Wacken Hut in security. On about May 14, 2006, I was threatened with discharge by Ms. Turner. Ms. Turner told me that she has me on tape sleeping on the job and that she is ready to fire everyone. I believe that I will be discriminated against due to my age and retaliated against, in violation of the Age Discrimination in Employment Act (ADEA) of 1967, as amended.

[Id.]. In his amended complaint, plaintiff alleges that Google representative Mr. J.E. Penifold was the one who observed him sleeping on the job. [Doc. 18 ¶ 8].

"In order to litigate a claim for discrimination under Title VII . . . or the ADEA a plaintiff must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC." Rizo v. Ala. Dep't of Human Res., No. 06-13261, 2007 WL 278587, *2 (11th Cir. Jan. 31, 2007) (citing Wilkerson v.

3

Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). "[G]enerally a plaintiff may not maintain an action against a defendant whom he has not previously named in a charge to the EEOC." Dague v. Riverdale Athletic Ass'n, 99 F.R.D. 325, 326 (N.D. Ga. 1983). Indeed, regulations instruct that an ADEA charge shall "name the prospective respondent," 29 C.F.R. § 1626.6, and Title VII provides that, upon exhaustion of administrative remedies, suit may be brought "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). It is plaintiff's burden, upon challenge by defendant, to prove that he has met the prerequisites of a valid and timely-filed EEOC charge. Rizo, 2007 WL 278587, at *3 (citing Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982)).

Here, construing the amended complaint and its incorporated documents in the light most favorable to plaintiff, the Court concludes that plaintiff has failed to meet that burden. None of the charges incorporated into the complaint name Google or Penifold, nor do they even allege facts which might have caused the EEOC to infer that Google violated plaintiff's statutory rights. Plaintiff, in his response to Google's motion, states:

> The defendant in his statement of facts is unclean the complaint is complete. The plaintiff sue is for retaliation. The defendant in his argument is saying the plaintiff did not yours his administrative remedies an then says he was not a Google employee therefore he had no remedies. The defendant argument it has no merit.

[Doc. 26]. Nothing about plaintiff's response, however, shows that he administratively exhausted his claims against Google or even that, despite failure to be named in the charges, Google had actual notice of the EEOC conciliatory efforts and participated in the EEOC proceedings. See Efird v. Riley, 342 F. Supp. 2d 413, 423 (M.D.N.C. 2004); Dague, 99 F.R.D. at 326. Accordingly, the Court recommends dismissal of all claims against Google for failure to exhaust administrative remedies. See Lane v. David P. Jacobson & Co., Ltd., 880 F. Supp. 1091, 1096 (E.D. Va. 1995) (dismissing claim against the unnamed defendant).

For these reasons, **IT IS THEREFORE RECOMMENDED** that Google's Motion to Dismiss, [Doc. 24], be **GRANTED**.

**IT IS SO RECOMMENDED** this 22nd day of June, 2007.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE