IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE TO "PLAINTIFF MOTION OF OBJECTION OF MAGISTRATE DENIED PLAINTIFF MOTION"

COMES NOW Defendant The Wackenhut Corporation (hereinafter "Defendant"), pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), and submits this Response to "Plaintiff Motion of Objection of Magistrate Denied Plaintiff Motion" (hereinafter "Objection"). For the reasons discussed below, Defendant respectfully requests that the Court adopt the Magistrate Judge's Order dated May 30, 2007, which denied Plaintiff's "Motion for the Magistrate Judge's to Carify [sic] is Recommendation" (hereinafter "Motion for Clarification").

### ARGUMENT

This is an employment discrimination case. On March 12, 2007, Plaintiff (who is proceeding *pro se*) filed a Complaint alleging that Defendant discriminated against him. On or about March 19, 2007, Plaintiff attempted to effect service of process on

DM2\1190363.1

Defendant. Plaintiff, however, did not properly serve the Summons and Complaint on Defendant. Accordingly, on April 5, 2007, Defendant filed a Motion to Dismiss Plaintiff's Complaint.

On May 11, 2007, the Magistrate Judge issued a Report and Recommendation denying Defendant's Motion to Dismiss without prejudice. That Report and Recommendation noted that although Plaintiff had not accomplished service in accordance with Federal Rule 4, the period of time allotted for service under Federal Rule 4(m) has not yet expired. (Report and Recommendation at 4-5). The Report and Recommendation added that Plaintiff "has until July 10, 2007, to cure any defects and effect proper service of process upon Wackenhut." (Report and Recommendation at 5).

On May 24, 2007, Plaintiff filed his "Motion for Clarification," which appears to seek an advisory opinion on the Magistrate Judge's Report and Recommendation of May 11. On May 30, 2007, the Magistrate Judge issued an Order denying Plaintiff's "Motion for Clarification." On June 27, 2007, Plaintiff filed an Objection to that Order.

Plaintiff's Objection should be overruled for two reasons. First, the Objection was not filed in a timely manner. Pursuant to Federal Rule 72, Plaintiff had ten (10) days to file any objections to the Magistrate Judge's Order dated May 30. However,

Plaintiff waited until June 27 to file his Objection. Second, Plaintiff's Objection does not cite any valid reasons for the reversal of the Order of May 30. Rather, with his Objection, Plaintiff appears to once again argue that he has properly effected service of process – a topic that was not even addressed in the Magistrate Judge's Order of May 30. Because Plaintiff is untimely and has not demonstrated that the Order in question contained any errors, his Objection should be overruled.[1]

Lastly, Defendant notes that Plaintiff still has not accomplished service of process in accordance with Federal Rule 4. If and when Plaintiff properly effects service of process, Defendant stands ready and willing to defend against the frivolous allegations contained in Plaintiff's Complaint.

## **CONCLUSION**

For the forgoing reasons, Defendant The Wackenhut Corporation respectfully requests that the Court adopt the Magistrate Judge's Order dated May 30, 2007.

---

[1] To the extent Plaintiff's Objection seeks to challenge the Report and Recommendation dated May 11, 2007 (wherein the Magistrate Judge correctly noted that Plaintiff had not yet properly effected service of process), the Objection should be overruled, as it is both untimely and the affidavit attached thereto fails to even address the issue of service of the Summons, as discussed in the Report and Recommendation dated May 11.

Respectfully submitted this 28th day of June, 2007.

DUANE MORRIS LLP

/s/ James P. Ferguson, Jr.
Terry P. Finnerty
Georgia Bar No. 261561
James P. Ferguson, Jr.
Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, Georgia 30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia.  Counsel hereby states that this filing has been typed in Times New Roman 14 font.

/s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2007, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO "PLAINTIFF MOTION OF OBJECTION OF MAGISTRATE DENIED PLAINTIFF MOTION"** with the Clerk of Court using the CM/ECF system.

I further certify that on this on this 28th day of June, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Donald Jones
>P.O. Box 261
>Red Oak, Georgia  30272

>/s/ James P. Ferguson, Jr.
>James P. Ferguson, Jr.

>Attorney for Defendant
>The Wackenhut Corporation

DM2\1190363.1