IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:07-CV-0567-CC-RGV |
| | ) |
| WACKENHUT % GOOGLE INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant The Wackenhut Corporation (incorrectly identified in Plaintiff's Complaint as "Wackenhut % Google Inc.") (hereinafter "Defendant" or "Wackenhut") and files this Answer to Plaintiff's Complaint.

## DEFENSES

Defendant sets forth below the following affirmative and additional defenses, but expressly does not assume the burden of proof with respect to any such defenses that it is not otherwise required to bear under applicable law or rule.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

DM2\1200676.1

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel and unclean hands.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant has acted lawfully and in good faith at all times relevant hereto, and has not violated any statutory or legal right of Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") are barred to the extent Plaintiff failed to satisfy the applicable administrative and statutory prerequisites.

## SIXTH DEFENSE

Plaintiff's discrimination claims are barred to the extent Plaintiff failed to file suit within 90 days of receiving a Notice of Rights letter from the Equal Employment Opportunity Commission ("EEOC").

## SEVENTH DEFENSE

Plaintiff's discrimination claims are barred, and this Court lacks subject matter jurisdiction over those claims, to the extent they were not raised in a charge of discrimination timely filed with the EEOC and subject to investigation and conciliation by the EEOC.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Defendant's treatment of Plaintiff was at all times based on factors other than Plaintiff's race, age, or engagement in a protected activity.

## NINTH DEFENSE

Plaintiff's claims are barred by Plaintiff's inability to establish causation and because the terms and conditions of Plaintiff's relationship with Defendant were based on reasonable, non-discriminatory and non-retaliatory factors.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not harmed in the manner or to the extent alleged.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his alleged damages.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant had legitimate, non-discriminatory and non-retaliatory reasons for its treatment of Plaintiff and because Plaintiff cannot demonstrate pretext.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to compensatory or punitive damages because he is unable to show the willful violation of any statutory right.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to an award of attorneys' fees, costs or expenses.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to effect proper service of process and to the extent he fails to serve his Complaint and/or his Amended Complaint within the time allowed under the Federal Rules of Civil Procedure.

## SIXTEENTH DEFENSE

To the extent that an impermissible employment practice occurred (an allegation which Defendant denies), the same actions would have been taken in the absence of any impermissible motivating factor.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because, to the extent any person affiliated with Defendant engaged in conduct contrary to the law, such conduct was outside the scope of that person's authority, was in direct contravention of Defendant's express policies, and occurred without the consent or ratification of Defendant.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in part, by applicable statutory damage caps.

## NINETEENTH DEFENSE

Plaintiff's retaliation claim is barred to the extent that Plaintiff did not suffer an adverse employment action.

## TWENTIETH DEFENSE

Plaintiff's retaliation claim is barred to the extent that Plaintiff did not engage in any protected activity before the alleged adverse employment action occurred.

## TWENTY-FIRST DEFENSE

Plaintiff's retaliation claim is barred because there was no causal connection between any alleged protected activity and any alleged adverse employment action.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because, even if any alleged discrimination or retaliation occurred (which Defendant denies), Defendant had a proven, effective and

widely disseminated anti-discrimination and anti-retaliation policy that included mechanisms for reporting and resolving complaints of discrimination and retaliation; Plaintiff failed to put Defendant on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise, and failed to provide Defendant a reasonable opportunity to stop or correct the alleged misconduct or to remedy the alleged harm; and Defendant was not and should not have been aware of the alleged misconduct.

### TWENTY-THIRD DEFENSE

Plaintiff's claims fail because to the extent that any alleged discrimination or retaliation occurred (an allegation which Defendant denies), Defendant took prompt corrective and remedial action.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred because Wackenhut's treatment of Plaintiff was at all times based on and in accordance with Wackenhut's established employment policies, procedures, and practices.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of after-acquired evidence.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff's employment was terminable at will.

## TWENTY-SEVENTH DEFENSE

Defendant reserves the right to amend or assert additional affirmative and/or other defenses as facts are developed in the course of additional investigation and discovery.

## TWENTY-EIGHTH DEFENSE

Any allegations or prayers for relief set forth in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

## RESPONSE TO ENUMERATED ALLEGATIONS

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, those allegations stand denied.

2.

Defendant admits that Plaintiff has named Wackenhut and "Google Inc." as Defendants in this action. Defendant further admits that it is engaged in the business of providing security guarding services, that it employs more than 500 individuals, and that it maintains a branch office at 1100 Circle 75 Parkway, Suite 4700, Atlanta, Georgia 30309. Defendant denies that the aforementioned branch office is its principal place of business. Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in the first sentence of Paragraph 3 of Plaintiff's Complaint. Defendant further admits that Plaintiff purports to place jurisdiction with this Court, but denies that Plaintiff is entitled to any recovery. Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits that Plaintiff contends that his employment was terminated in a discriminatory manner. Defendant denies that Plaintiff's employment was terminated in a discriminatory manner. Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits that Plaintiff is not currently employed with Wackenhut. Defendant further admits that Plaintiff was employed with Wackenhut from February 2003 until August 2006, when he resigned his employment. Defendant also admits that "Plaintiff left the job voluntarily." Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies that Plaintiff was subjected to any acts of discrimination during his employment. Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the first sentence contained in Paragraph 8 of Plaintiff's Complaint. Defendant further admits that Plaintiff was placed on a guarding assignment at Google and that Plaintiff's supervisor during that assignment was Jennifer Turner. Defendant also admits that it received a complaint from a Google employee regarding Plaintiff's sleeping while on duty. Defendant further admits that

Plaintiff appears to have filed charges with the EEOC in May, June and July 2006. Defendant also admits that on at least one occasion, a deduction was taken from Plaintiff's paycheck following an overpayment inadvertently made to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant admits that Plaintiff filed several EEOC charges against Wackenhut and that Plaintiff attached three (3) such charges to his Complaint. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits that Plaintiff attached a Notice of Right-to-Sue letter to his Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, those allegations stand denied.

12.

Defendant admits that Plaintiff is seeking damages in this action, but denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court dismiss the Complaint, enter judgment in favor of Defendant, tax all costs against Plaintiff and grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 11th day of July, 2007.

DUANE MORRIS LLP

/s/ James P. Ferguson, Jr.
Terry P. Finnerty
Georgia Bar No. 261561
James P. Ferguson, Jr.
Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 font.

/s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>WACKENHUT % GOOGLE INC., )<br>)<br>   Defendant. ) | Case No: 1:07-CV-0567-CC-RGV |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of July, 2007, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system.

    I further certify that on this on this 11th day of July, 2007, I mailed by United States Postal Service the document to the following non-CM/ECF participant:

        Donald Jones
        P.O. Box 261
        Red Oak, Georgia  30272

                              /s/ James P. Ferguson, Jr.
                              James P. Ferguson, Jr.

                              Attorney for Defendant
                              The Wackenhut Corporation