**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. 1:07-CV-0567-CC-RGV |
| ) | |
| GOOGLE, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT GOOGLE, INC.'S INITIAL DISCLOSURES[1]

**1.    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Plaintiff has properly identified Google's corporate name.

**2.    Provide the names of any parties who defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

---

[1] As described more fully in the text of these Disclosures, on June 11, 2007, Google filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), due to Plaintiff's failure to exhaust his administrative remedies. On June 25, 2007, Magistrate Judge Vineyard entered a Report and Recommendation, recommending that Plaintiff's claims be dismissed. Google does not waive its position regarding its Motion to Dismiss, and reserves the right to supplement these Disclosures in the event it must subsequently file an Answer.

Google does not contend that Plaintiff has failed to name any necessary parties. However, as more fully set out in Google's Motion to Dismiss, Google contends that Plaintiff is unable to state a cause of action against Google, and Google is therefore misjoined in this matter.

**3.  Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by defendant in the responsive pleading.**

Plaintiff was employed by Defendant Wackenhut as a security guard at Google's facility in Austell, Georgia. As alleged in Plaintiff's complaint, Plaintiff fell asleep at his security post while on duty in Google's facility. Plaintiff further alleges that Google representative J.E. Penifold reported Plaintiff's conduct to Wackenhut, and Plaintiff was removed from the Google facility.

Plaintiff filed three EEOC separate charges related to his employment with Wackenhut, each of which were attached to the Complaint and incorporated by reference therein. None of the EEOC charges identified Google as a responding party. The EEOC issued a Dismissal and Notice of Suit Rights to Plaintiff on December 11, 2006 regarding his charge related to age discrimination. Plaintiff's Right to Sue did not identify Google.

On June 11, Google filed a Motion to Dismiss regarding all of Plaintiff's claims against it pursuant to Federal Rule 12(b)(6). Specifically, Plaintiff has

failed to exhaust his administrative remedies against Google, as he failed to file an EEOC charge against Google. In addition, he does not have a Right to Sue against Google, and is therefore not properly before this Court.

Pending the Court's Order regarding Magistrate Judge Vineyard's Report and Recommendation, Google has not filed an Answer describing its defenses with more particularity. Google anticipates that its Answer would include the following among its defenses: Plaintiff was at no time Google's employee; Plaintiff was not subjected to unlawful discrimination by Google; and Plaintiff was at all times treated in a non-discriminatory manner. Google reserves the right to supplement this disclosure if it is necessary for Google to file an Answer.

**4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law defendant contends are applicable to this action.**

Illustrative cases and statutes which Defendant may rely upon are:

**Relevant Statutes:** 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 621 *et seq.*

**Relevant case law:** *McDonnell Douglas v. Green*, 411 U.S. 792 (1973); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Holifield v. Reno*, 115 F.3d 1555 (11th Cir. 1997); *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491 (11th Cir. 1989); *Sullivan v. National R.R. Passenger Corp.*, 170 F.3d 1056 (11th Cir. 1999);

*Addison v. Gwinnett County*, 917 F. Supp. 802 (N.D. Ga. 1995); *Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999); *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000); *Thomas v. Ala. Council on Human Relations, Inc.*, 248 F. Supp.2d 1105, 1114-16 (M.D. Ala. 2003); *Zellars v. Liberty Nat. Life Ins. Co.*, 907 F. Supp. 355, 358 (M.D. Ala. 1995); *Dowlatpanah v. Wellstar Douglas Hospital*, No. 1:05-CV-2752-WSD-RGV, 2006 WL 4093123 (N.D. Ga. 2006), *report and recommendation adopted*, 2007 WL 639875 (N.D. Ga. Feb. 26, 2007); *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996).

Defendant reserves the right to supplement this response as the case and further discovery progress.

**5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Please see Attachment A.

**6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list to Initial Disclosures as Attachment B.)**

At this time, Defendant has not identified any expert witnesses it intends to use at trial, but will supplement this response upon identification of such witnesses.

**7.    Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Please see Attachment C.

**8.    In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or description by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary materials available for inspection and copying under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

At this time, Google does not claim damages in this suit, except for the costs and attorneys' fees incurred in defending this matter.

**9.    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such other person or entity and describe in detail the basis of such liability.**

Google does not contend that any person or legal entity is liable to Plaintiff or any Defendant in this matter.

**10.   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments satisfying**

**the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Google is not aware of an insurance policy to satisfy Plaintiff's claims.

Respectfully submitted, this the 25th day of July, 2007.

|  |  |
|---|---|
|  | WOMBLE CARLYLE SANDRIDGE & RICE, PLLC |
|  | By:  /s/ Jonathon A. Fligg |
| One Atlantic Center, Suite 3500 | Jonathon A. Fligg |
| 1201 West Peachtree Street | Georgia Bar No. 266402 |
| Atlanta, Georgia 30309 |  |
| (404) 962-7541 direct phone |  |
| (404) 870-8186 direct fax |  |
|  | Charles A. Edwards |
|  | Georgia Bar No. 240300 |
|  | Theresa Sprain |
|  | NCSB No. 24540 (will be filing pro hac |
| 150 Fayetteville Street | vice application) |
| Raleigh, NC  27601 | WOMBLE CARLYLE SANDRIDGE & RICE, |
| Phone:  (919) 755-2100 | PLLC |
| Fax:  (919) 755-2150 |  |
|  | **Attorneys for Defendant Google, Inc.** |

# ATTACHMENT A

Plaintiff alleges that Google employee J.E. Penifold has information relevant to this matter. J.E. Penifold is a current Google employee and may be contacted through Google's counsel. Google is aware of no other Google employee or representative with discoverable information.

At this time, Google is able to identify the following additional witnesses:

1. Plaintiff;

2. Any witnesses identified in Plaintiff's Initial Disclosures or Plaintiff's written discovery responses and any witnesses identified during the depositions taken by the parties during the discovery period;

3. Any witnesses identified in Defendant Wackenhut's Initial Disclosures or Wackenhut's written discovery responses and any witnesses identified during the depositions taken by the parties during the discovery period.

Defendant Google reserves the right to supplement this list as additional relevant witnesses are identified during the discovery period.

## ATTACHMENT C

Google has described below the documents that it maintains are relevant to the facts alleged in the pleadings. Copies of these documents are maintained by defense counsel or Plaintiff and all such documents will be requested as discovery progresses. Google reserves the right to supplement this list as discovery progresses and further documents are learned of by defense counsel.

1. Documents related to Plaintiff's EEOC charges;

2. Documents or other information listed or identified by Plaintiff;

3. Documents or other information listed or identified in Wackenhut's disclosures, Plaintiff's and Defendant's discovery responses, deposition exhibits, or otherwise disclosed during the course of discovery in this matter.

## CERTIFICATE OF TYPE SIZE AND STYLE

Counsel for Defendant Google, Inc. hereby certifies that the size and style of type used in the foregoing **DEFENDANT GOOGLE, INC.'S INITIAL DISCLOSURES** is Times New Roman: 14 point.

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

By: /s/ Jonathon A. Fligg
  Jonathon A. Fligg
  State Bar No. 266402

One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 962-7541 direct phone
(404) 870-8186 direct fax

**Attorneys for Defendant Google, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 25, 2007, a true and correct copy of the within and foregoing **DEFENDANT GOOGLE, INC.'S INITIAL DISCLOSURES** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James P. Ferguson, Jr., Esq.
Terry Patrick Finnerty, Esq.
ATTORNEYS FOR THE WACKENHUT CORPORATION
Duane Morris
1180 West Peachtree Street, N.W.
Suite 700
Atlanta, GA 30309-3448

and by placing same in the United States postal service with proper postage affixed thereto and addressed to the following:

Donald Jones, Pro Se
P.O. Box 261
Red Oak, GA 30272

This 25th day of July, 2007.

    /s/ Jonathon A. Fligg
Jonathon A. Fligg
State Bar No. 266402

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 962-7541- direct phone
(404) 870-8186 direct fax