IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE TO "PLAINTIFF MOTION TO ASK THE COURT TO INTERVENE IN THE DISCOVERY"

COMES NOW Defendant The Wackenhut Corporation (incorrectly identified in Plaintiff's Complaint as "Wackenhut % Google Inc.") (hereinafter "Defendant" or "Wackenhut"), and hereby files this Response to "Plaintiff Motion to Ask the Court to Intervene in the Discovery" (hereinafter "Plaintiff's Motion"). For the reasons discussed below, Defendant respectfully requests that the Court issue an Order denying Plaintiff's Motion.

### ARGUMENT

Plaintiff was employed with Wackenhut as a security officer, until he resigned his employment in August 2006. On March 12, 2007, Plaintiff, who is proceeding *pro se*, initiated this employment discrimination lawsuit, alleging that Defendant discriminated against him based on his race and age and retaliated

against him. Defendant filed its Answer to Plaintiff's Complaint on July 11, 2007. The parties then agreed to an early commencement of the discovery period – with discovery beginning on July 13, 2007.

On July 16, 2007, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents. On July 23, 2007, Plaintiff responded to those discovery requests by submitting incomplete and evasive written responses. After receiving Plaintiff's deficient discovery responses, defense counsel sent Plaintiff two separate letters requesting supplemental responses.

In response to defense counsel's letters, rather than responding to Defendant's requests for supplemental discovery information, Plaintiff filed his Motion "asking the court to intervene in the discovery." (Plaintiff's Motion at 1). In his Motion, Plaintiff baldly states that "the defendant is harassing the plaintiff." (Plaintiff's Motion at 1). Plaintiff's assertion, however, is completely without merit. As explained in detail in Defendant's Memorandum of Law in Support of its Motion to Compel (which is being filed contemporaneously herewith), Defendant merely seeks basic factual information and documents with its discovery requests – the type of information that is routinely requested and exchanged in employment discrimination cases. For example, Defendant has

asked Plaintiff to disclose the identity of his witnesses and to identify documents that support his claims. A plain review of Defendant's discovery requests reveals that they are not "harassing." Plaintiff fails to recognize that the discovery parameters under Federal Rule 26 are very broad. Indeed, federal case law makes clear that litigants may seek information regarding "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." <u>Oil, Chemical & Atomic Workers Local Union v. N.L.R.B.</u>, 711 F.2d 348, 360 (D.C. Cir. 1983). Accordingly, Plaintiff's assertion that Defendant is harassing him by seeking relevant, discoverable information lacks merit.

In his Motion, Plaintiff also appears to ask for a "protective order" for his witnesses. Plaintiff evidently fears that Defendant is going to retaliate against and/or harass his witnesses. Such fear is baseless, and Plaintiff appears to have fabricated it in a self-serving attempt to evade his discovery obligations. Again, Plaintiff ignores that Federal Rule 26 authorizes parties to discover, from the opposing party, the identity of persons who have knowledge of relevant information. For this reason, Plaintiff's request for a protective order should be denied. Plaintiff's request for a protective order should also be denied because there is not a Federal Rule which authorizes a party to refrain from identifying his

fact witnesses unless and until a protective order has been entered. In addition, Plaintiff's request for a protective order should be denied because Plaintiff has failed to satisfy his burden of showing that good cause exists for granting such relief. See Fed. R. Civ. P. 26(c); see also United States v. Northside Realty Assocs., 324 F. Supp. 287, 293 (N.D. Ga. 1971) ("[Protective] orders may be granted upon showing of good cause when justice requires it to protect a party from annoyance, embarrassment, oppression, or undue burden or expense."). Quite simply, Plaintiff has offered no facts to support his assertion that Defendant will harass his witnesses. Accordingly, Plaintiff's request for an "order of protective" should be denied.[1]

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's "Motion To Ask The Court Intervene In The Discovery."

---

[1] Lastly, Plaintiff's Motion appears to take issue with some of Defendant's responses to Plaintiff's discovery requests. To the extent that Plaintiff seeks supplemental discovery information from Wackenhut via his Motion, that request should be denied because Plaintiff failed to comply with his duty (as noted in Federal Rule 37 and this Court's Local Rule 37.1) to confer with Defendant in good faith before seeking assistance from the Court.

Respectfully submitted this 17th day of September, 2007.

                                      DUANE MORRIS LLP

                                      /s/ James P. Ferguson, Jr.
                                      Terry P. Finnerty
                                      Georgia Bar No. 261561
                                      James P. Ferguson, Jr.
                                      Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 font.

s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September, 2007, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO "PLAINTIFF MOTION TO ASK THE COURT TO INTERVENE IN THE DISCOVERY"** with the Clerk of Court using the CM/ECF system.

I further certify that on this on this 17th day of September, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Donald Jones
>P.O. Box 261
>Red Oak, Georgia  30272

>/s/ James P. Ferguson, Jr.
>James P. Ferguson, Jr.
>
>Attorney for Defendant
>The Wackenhut Corporation