IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONALD JONES,            )
                         )
      Plaintiff,         )
                         )
v.                       )          Case No:  1:07-CV-0567-CC-RGV
                         )
WACKENHUT % GOOGLE INC., )
                         )
      Defendant.         )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE WACKENHUT CORPORATION'S MOTION TO COMPEL

COMES NOW Defendant The Wackenhut Corporation (incorrectly identified in Plaintiff's Complaint as "Wackenhut % Google Inc.") (hereinafter "Defendant" or "Wackenhut"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1, and hereby files this Memorandum of Law in Support of its Motion to Compel.  For the reasons discussed below, Defendant respectfully requests that the Court issue an Order:  (a) compelling Plaintiff to supplement his responses to Defendant's First Set of Interrogatories and First Request for Production of Documents; and (b) awarding Defendant its expenses and attorneys' fees reasonably incurred in the preparation of this Motion.

Dockets.Justia.com

## <u>STATEMENT OF FACTS</u>

Plaintiff was formerly employed with Defendant as a security officer, until he abruptly resigned his employment in August 2006.  On March 12, 2007, Plaintiff (who is proceeding *pro se*) filed a Complaint alleging that Defendant subjected him to race and age discrimination and retaliation.  On July 11, 2007, Defendant filed its Answer to Plaintiff's Complaint.  Thereafter, the parties jointly agreed to an early commencement of the discovery period – with discovery beginning on July 13, 2007.

On July 16, 2007, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents.  (True and correct copies of Defendant's First Set of Interrogatories and First Request for Production of Documents are attached hereto as Exhibits A and B, respectively).  On July 23, 2007, Plaintiff submitted written responses to Defendant's discovery requests.  (True and correct copies of Plaintiff's Answers to Defendant's First Set of Interrogatories and First Request for Production of Documents are attached hereto as Exhibits C and D, respectively).

Plaintiff's discovery responses were entirely deficient.  For example, Plaintiff refused to identify any of his witnesses in this matter on the grounds that "[b]ecause this is a retaliation discrimination case the plaintiff was harass [sic]

with malice the plaintiff will as [sic] for a [sic] order of protection for all persons who will come forward." (See Exhibit C, Plaintiff's response to Interrogatory 1). Furthermore, in response to Defendant's Interrogatory 5 which asked Plaintiff to identify the documents and exhibits that he will use at trial, Plaintiff responded by stating: "[y]ou know and had the documents and exhibits." (See Exhibit C, Plaintiff's response to Interrogatory 5). Moreover, Plaintiff initially refused to produce any documents in response to Defendant's document requests, and he responded to all of Defendant's document requests by stating "you had all the document" or by referring Defendant to one of his vague, incomplete interrogatory responses. (See Exhibit D). Plaintiff's discovery responses demonstrate that Plaintiff has a fundamental misunderstanding of his discovery obligations under the Federal Rules.

Because Plaintiff's discovery responses were entirely inadequate, on August 2, 2007, defense counsel sent a letter to Plaintiff requesting supplemental discovery responses. (A true and correct copy of defense counsel's August 2 letter is attached hereto as Exhibit E). Plaintiff failed to respond to defense counsel's August 2 letter. Accordingly, on August 21, 2007, defense counsel sent a second letter to Plaintiff, again requesting supplemental discovery responses. (A true and correct copy of defense counsel's August 21 letter is attached hereto as Exhibit F).

On August 27, 2007, Plaintiff contacted defense counsel to discuss various discovery issues. During that telephone conference, Plaintiff indicated that he would provide Defendant with supplemental responses and would produce the documents requested by Defendant. Thereafter, Plaintiff produced twenty-four (24) pages of documents to Defendant.[1] However, Plaintiff still has not supplemented his responses to Defendant's discovery requests and has not produced all of the documents requested by Defendant. Rather, on August 30, 2007, Plaintiff filed his "Motion to Ask the Court to Intervene in the Discovery," which appears to seek some sort of protective order. (A true and correct copy of Plaintiff's "Motion to Ask the Court to Intervene in the Discovery" is attached hereto as Exhibit G).

In accordance with Federal Rule 37 and with this Court's Local Rule 37.1, defense counsel has conferred with Plaintiff in a good faith attempt to obtain the requested information and documents absent the Court's assistance. (A true and

---

[1] On August 31, 2007, Plaintiff sent a 15-page facsimile to Defendant containing a random mixture of documents, which included a few Wackenhut memos, work schedules, and some of his disciplinary/corrective action notices. On September 6, 2007, Plaintiff sent another random mixture of documents to Defendant in an 9-page facsimile, which included some of Plaintiff's Wackenhut pay stubs and some of the same information he produced in his August 31 facsimile. Not surprisingly, Plaintiff did not indicate which particular document request his documents were responsive to.

correct copy of defense counsel's Certificate of Good Faith Compliance is attached hereto as Exhibit H).  Because Plaintiff refuses to comply with his discovery obligations, Defendant has been left with no alternative but to file the instant Motion to Compel.

**ARGUMENT AND CITATION OF AUTHORITY**

**I.     Plaintiff Should Be Compelled To Supplement His Responses To Defendant's Discovery Requests.**

The discovery parameters delineated in the Federal Rules are very broad. Indeed, Federal Rule 26 makes clear:  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1).  This includes the existence, description, and nature of any documents or other tangible items that are relevant to the underlying proceedings, as well as the identity and location of persons having knowledge of any discoverable material.  Id.

If a party fails to respond to discovery or provides an evasive or incomplete response, Federal Rule 37 provides that the discovering party may move for an order compelling an appropriate response.  Applying these Rules, Defendant respectfully requests that the Court issue an Order compelling Plaintiff to provide more complete discovery responses and to produce the documents requested by Defendant.

5

**A.    Plaintiff's Responses to Defendant's Interrogatories are Deficient.**

**1.    Plaintiff's Responses to Interrogatories 1, 2, 3 and 4.**

With Interrogatories 1 through 4, Defendant sought to discover the identity of persons having knowledge of relevant facts at issue in this litigation.[2] Defendant's Interrogatories and Plaintiff's responses thereto are as follows:

**Interrogatory No. 1:**

Identify all persons you have interviewed or obtained statements from regarding your allegations against Wackenhut.  For each person, please provide that person's address and telephone number.

**Plaintiff's Response to Interrogatory No. 1:**

Because this is a retaliation discrimination case and the plaintiff was harass [sic] with malice the plaintiff will as [sic] for a [sic] order of protection for all persons who will come forward.  The plaintiff will first get the order and then [sic] interviewed.

**Interrogatory No. 2:**

Identify all persons who have knowledge about your allegations against Wackenhut.  For each person, please provide that person's address and telephone number.

**Plaintiff's Response to Interrogatory No. 2:**

See answer to interrogatory 1.

---

[2]   Pursuant to Local Rule 37.1, Defendant is restating the discovery requests and responses thereto which are at issue in Defendant's Motion to Compel.

**Interrogatory No. 3:**

For each person identified in response to Interrogatory No. 2 above, state the basic facts or claims of which that person has knowledge.

**Plaintiff's Response to Interrogatory No. 3:**

See answer to interrogatory 1.

**Interrogatory No. 4:**

Identify any current or former employee of Wackenhut with whom you have discussed your lawsuit.  For each person, please provide that person's address and telephone number.

**Plaintiff's Response to Interrogatory No. 4:**

See answer to interrogatory 1.

**Argument for Interrogatories 1, 2, 3 and 4**

Defendant's Interrogatories 1, 2, 3 and 4 seek information which is clearly relevant and discoverable.  Indeed, Rule 26(b)(1) indicates that a party may obtain discovery regarding the identity and location of persons who have knowledge of discoverable matter.  Defendant cannot properly defend this lawsuit and prepare for a possible trial without knowing the identity of (and possibly deposing) Plaintiff's witnesses.  Nonetheless, Plaintiff apparently is unwilling to identify his witnesses unless and until the Court issues a protective order for those witnesses.  Although the Federal Rules authorize the use of protective orders in certain circumstances (such as to maintain the confidentiality of proprietary information),

the Federal Rules cannot be used to shield the identification of a party's witnesses, as Plaintiff seems to believe. Accordingly, Defendant requests that the Court issue an Order compelling Plaintiff to provide complete responses to Interrogatories 1, 2, 3 and 4.

## 2.     Plaintiff's Response to Interrogatory 5.

When asked to identify the documents and exhibits that he will use at trial, Plaintiff responded as follows:

**Interrogatory No. 5:**

Identify all documents and exhibits that you will use at trial.

**Plaintiff's Response to Interrogatory No. 5:**

You know and had the documents and exhibits.

**Argument for Interrogatory 5**

Similar to his responses to Interrogatories 1-4, with his response to Interrogatory 5, Plaintiff stubbornly refuses to identify information which is clearly relevant and discoverable. Despite Plaintiff's contention to the contrary, Defendant has no idea what documents and exhibits Plaintiff intends to use at trial. Moreover, even if Defendant happened to possess those documents, Defendant is still entitled to the production of those documents by Plaintiff. Thus, Plaintiff's response to Interrogatory No. 5 needs to be supplemented.

DM2\1243981.1

### 3.    Plaintiff's Response to Interrogatories 7, 8 and 9.

With its Interrogatories 7, 8 and 9, Defendant seeks to determine whether Plaintiff has complied with his duty to mitigate his damages.  Plaintiff's responses were, once again, evasive and non-responsive:

**Interrogatory No. 7:**

List the income that you have received since June 1, 2006 and identify the sources of your income.

**Plaintiff's Response to Interrogatory No. 7:**

The plaintiff objection [sic] to interrogatory 7.  On the ground that this is a retaliation discrimination case.  And the plaintiff fear [sic] more retaliation.

**Interrogatory No. 8:**

List any employers with whom you sought employment since June 1, 2006, including the dates of your applications and the results of your applications (i.e., if you were offered a job; if you were denied the position you applied for, etc.).

**Plaintiff's Response to Interrogatory No. 8:**

See Answer to interrogatory 7.

**Interrogatory No. 9:**

List all of your employers since June 1, 2006, including their addresses, telephone numbers, your immediate supervisor's name, your dates of employment, and the reasons for leaving each employer.

9

**Plaintiff's Response to Interrogatory No. 9:**

See Answer to interrogatory 7.

**Argument for Interrogatories 7, 8 and 9**

It is well settled that a plaintiff in an employment discrimination case has a legal duty to mitigate his damages by making a diligent effort to find reasonably comparable employment. See Weaver v. Casa Gallardo, Inc., 922 F.2d 1515 (11th Cir. 1991); Smith v. American Serv. Co. of Atlanta, Inc., 796 F.2d 1430, 1431 (11th Cir. 1986). Here, Plaintiff resigned his employment with Defendant in August 2006. Defendant's Interrogatories 7, 8 and 9 seek to determine whether Plaintiff has complied with his duty to mitigate his damages. Plaintiff's response that "this is a retaliation discrimination case. And the plaintiff fear [sic] more retaliation" is non-sensical. Because Plaintiff has no basis for refusing to provide Defendant with the requested information, Defendant respectfully requests that the Court compel Plaintiff to provide more complete response to these Interrogatories.

**4.     Plaintiff's Response to Interrogatory 12.**

With Interrogatory 12, Defendant asked Plaintiff to identify, among other things, all lawsuits, criminal actions and bankruptcy proceedings in which he has been involved within the past 10 years. Plaintiff refused to answer the Interrogatory and objected on the grounds that Defendant is on a "witch hunt":

10

### Interrogatory No. 12:

Identify all lawsuits in which you have been involved within the last ten (10) years, including civil lawsuits, criminal actions, divorce proceedings, bankruptcy proceedings or administrative proceedings. For each case, please state the names of the parties, the court in which the matter was pending, the case number, and the end result of the case.

### Plaintiff's Response to Interrogatory No. 12:

The plaintiff objection [sic] to the ten (10) years period. The plaintiff objection [sic] to interrogatory 12 for it [sic] a witch hunt.

### Argument for Interrogatory 12

Based on conversations between the parties, Defendant has reason to believe that Plaintiff has filed numerous lawsuits (possibly including several employment discrimination lawsuits) in recent years and that Plaintiff has previously filed for bankruptcy. With Interrogatory 12, Defendant seeks to determine whether Plaintiff is a "career plaintiff" and/or whether he identified his claims against Defendant in any recently-filed bankruptcy petition. Defendant also seeks information concerning criminal actions in which Plaintiff has been involved to determine whether an "after-acquired evidence" defense is supportable and because such information is relevant to Plaintiff's credibility and to his employability with other

employers, which could be relevant from a mitigation of damages standpoint.[3] Along these lines, other federal courts have held that Federal Rule 26 "permits the discovery of information which may simply relate to the credibility of a witness or other evidence in a case."  Oakes v. Halvorsen Marine, Ltd., 179 F.R.D. 281 (C.D. Cal. 1998); see also Cable & Computer Tech. v. Lockheed Sanders, Inc., 175 F.R.D. 646 (C.D. Cal. 1997) ("information is relevant if it relates to . . . the credibility of any witness").  Accordingly, Plaintiff's assertion that Defendant is engaged in a "witch hunt" has absolutely no basis, and Plaintiff should be compelled to provide a full and complete response to Interrogatory 12.

## B.    Plaintiff's Responses To Defendant's Requests For Production Of Documents Are Deficient.

Plaintiff's responses to Defendant's Requests for Production of Documents are likewise deficient.  (See Exhibit D).  As illustrated below, in response to every one of Defendant's document requests, Plaintiff either stated that Defendant "had all the documents" or he referred Defendant to specific Interrogatory responses. Moreover, to date, Plaintiff has only produced twenty-four (24) pages of documents in response to Defendant's document requests.  Defendant, therefore,

---

[3] Plaintiff was formerly employed with Wackenhut as a security officer, and as such, his criminal history is particularly relevant, especially if that history has prevented him from obtaining similar employment with another security firm.

DM2\1243981.1

respectfully requests that the Court compel Plaintiff to provide complete responses to Defendant's document requests and compel him to produce all documents in his possession which are responsive to the document requests.

### 1.    Plaintiff's Response to Request for Production 1.

**Request for Production No. 1:**

Produce all documents which support your lawsuit against Wackenhut.

**Plaintiff's Response to Request No. 1:**

You had all the document. [sic]

**Argument for Request for Production 1**

Defendant's Request for Production 1 is a basic discovery request which seeks the production of Plaintiff's relevant documents. Demonstrating his miscomprehension of Federal Rule 34, Plaintiff responded by stating "you had all the document." As Defendant informed Plaintiff in its August 2 letter to him, the Federal Rules require Plaintiff to produce relevant, requested documents within his possession even if he believes Defendant already possesses those documents. Because Plaintiff has not properly responded to Request for Production 1, Defendant requests an Order compelling him to do so.

### 2. Plaintiff's Response to Request for Production 2.

#### Request for Production No. 2:

Produce all documents and letters that you received from or sent to Wackenhut during your former employment.

#### Plaintiff's Response to Request No. 2:

You had all the document. [sic]

#### Argument for Request for Production 2

With its Request for Production 2, Defendant requests any documents and letters that Plaintiff received from or sent to Defendant during his employment. Defendant seeks to obtain, among other things, any documents within Plaintiff's possession concerning Plaintiff's job performance, any internal complaints filed by Plaintiff, and the guarding assignments on which Plaintiff was placed. Again, Plaintiff responded that Defendant "had all the document." As noted above, the Federal Rules require Plaintiff to produce relevant, requested documents within his possession even if he believes Defendant already possesses those documents. Thus, Plaintiff should be compelled to more fully respond and to produce responsive documents.

### 3. Plaintiff's Response to Request for Production 3.

#### Request for Production No. 3:

Produce all witness statements that you have obtained in this case.

**<u>Plaintiff's Response to Request No. 3</u>:**

See answer to interrogatory 1.

**<u>Argument for Request for Production 3</u>**

Rather than producing the witness statements requested by Defendant, Plaintiff refers Defendant to his response to Interrogatory 1, which purports to seek a protective order for Plaintiff's witnesses.  Contrary to Plaintiff's flawed logic, Defendant is not aware of any Federal Rule which authorizes a party to refrain from producing a witness's statement unless and until a protective order has been entered for that witness.  Rather, federal courts routinely allow litigants to obtain witness statements from opposing parties during the discovery process.  <u>See Infosystems, Inc. v. Ceridian Corp.</u>, 197 F.R.D. 303, 306-07 (E.D. Mi. 2000) (ordering a party to produce a witness statement); <u>Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Prods., Inc.</u>, 140 F.R.D. 373, 378-79 (E.D. Wis. 1991) (requiring disclosure of draft affidavits because they were factual in nature and content).  Based on this authority, Plaintiff should be compelled to produce any and all witness statements in his possession.

15

### 4.    Plaintiff's Response to Request for Production 4.

**Request for Production No. 4:**

Produce your federal and state income tax returns from 2005 to the present.

**Plaintiff's Response to Request No. 4:**

See answer to interrogatory 12.

**Argument for Request for Production 4**

Defendant requested Plaintiff's federal and state income tax returns to determine what amount and sources of income Plaintiff has had since resigning his employment with Wackenhut.  As noted above, Plaintiff has a duty to mitigate his damages, and the requested tax returns should show the extent to which Plaintiff has done so.  Rather than agreeing to produce the tax returns, Plaintiff referred Defendant to his response to Interrogatory 12, wherein he accused Defendant of engaging in a "witch hunt."  Because the requested documents are relevant to the mitigation-of-damages issue, Defendant requests that the Court compel Plaintiff to produce the tax returns.[4]

---

[4] To alleviate any concerns Plaintiff may have regarding the confidentiality of his tax returns, Defendant will agree to enter into a consent protective order which makes clear that the tax returns may only be used for purposes of this litigation and must be returned to Plaintiff upon the conclusion of this lawsuit.

**5.    Plaintiff's Response to Request for Production 5.**

**Request for Production No. 5:**

Produce all documents and exhibits that you will use at trial.

**Plaintiff's Response to Request No. 5:**

See answer to interrogatory 5.

**Argument for Request for Production 5**

Defendant's Request for Production 5 is yet another basic discovery request which seeks the production of documents that Plaintiff intends to use at trial. Plaintiff responded by referring Defendant to his response to Interrogatory 5, wherein he states that Wackenhut already has all of the requested documents.  As defense counsel unambiguously informed Plaintiff in its August 2 letter, the Federal Rules require Plaintiff to produce relevant documents within his possession even if he believes Defendant already possesses those documents. Because Plaintiff has not properly responded to Request for Production 5, Defendant requests an Order compelling him to do so.

**6.    Plaintiff's Response to Request for Production 6.**

**Request for Production No. 6:**

Produce copies of applications and resumes that you have submitted to any prospective employers since June 1, 2006.

**Plaintiff's Response to Request No. 6:**

See answer to interrogatory 12.

**Argument for Request for Production 6**

Similar to Request for Production 4, this document request seeks to discover documents related to the mitigation-of-damages issue. The requested documents might show whether Plaintiff has complied with his duty to mitigate his damages. Rather than agreeing to produce the requested documents, Plaintiff referred Defendant to his response to Interrogatory 12, wherein he opines that Defendant is on a "witch hunt." Because the requested documents are relevant to the mitigation-of-damages issue, Defendant requests an Order compelling production.

**7.    Plaintiff's Response to Request for Production 9.**

**Request for Production No. 9:**

Produce all documents related to any internal complaints you made or filed with Wackenhut during your former employment.

**Plaintiff's Response to Request No. 9:**

You had all the documents.

**Argument for Request for Production 9**

Defendant's Request for Production 9 requests documents which are relevant to Plaintiff's retaliation claim. Rather than producing the requested documents, Plaintiff again responds by stating "you had all the documents."

Plaintiff's response is disingenuous, as Defendant has no way of knowing what documents Plaintiff possesses regarding his retaliation claim. Moreover, even if Defendant happens to already possess some of those documents, Federal Rule 34 still requires Plaintiff to produce the documents within his possession. For these reasons, Plaintiff should be compelled to supplement his response to Request for Production 9 and to produce all responsive documents within his possession.

### 8.     Plaintiff's Response to Request for Production 10.

**Request for Production No. 10:**

Produce all documents which you sent to or received from the EEOC in this case.

**Plaintiff's Response to Request No. 10:**

You had all the documents.

**Argument for Request for Production 10**

Defendant's Request for Production 10 requests documents pertaining to the three charges of discrimination that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"). Rather than producing the requested documents, Plaintiff responds by stating "you had all the documents." As noted above, even if Defendant happens to already possess some of those documents, Federal Rule 34 still requires Plaintiff to produce the responsive documents within his possession. Thus, Plaintiff should be compelled to supplement his response to

Request for Production 10 and to produce all responsive documents within his possession.

### 9.     Plaintiff's Response to Request for Production 11.

**<u>Request for Production No. 11</u>:**

Produce all documents identified in your Initial Disclosures.

**<u>Plaintiff's Response to Request No. 11</u>:**

You had all the documents.

**<u>Argument for Request for Production 11</u>**

Defendant's Request for Production 11 seeks production of the documents which Plaintiff identified in his Federal Rule 26 Initial Disclosures.  Rather than producing the requested documents, Plaintiff again states that "you had all the documents."  In addition to violating Federal Rule 34, Plaintiff's response violates Federal Rule 26 which requires him to produce "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims . . . ."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  In accordance with Federal Rules 26 and 34, Plaintiff should be compelled to supplement his response to Request for Production 11 and to produce all of the documents identified in his Initial Disclosures.

### 10.    Plaintiff's Response to Request for Production 12.

**Request for Production No. 12:**

Produce all documents related to all lawsuits in which you have been involved within the last ten (10) years, including civil lawsuits, criminal actions, divorce proceedings, bankruptcy proceedings, or administrative proceedings.

**Plaintiff's Response to Request No. 12:**

See answer to interrogatory 12.

**Argument for Request for Production 12**

Based on conversations between the parties, Defendant has reason to believe that Plaintiff has filed numerous lawsuits (possibly including several employment discrimination lawsuits) in recent years and that Plaintiff has previously filed for bankruptcy.   With Request for Production 12, similar to Interrogatory 12, Defendant seeks to determine whether Plaintiff is a "career plaintiff" and/or whether he identified his claims against Defendant in any recently-filed bankruptcy petition.   Defendant also seeks documents concerning criminal actions in which Plaintiff has been involved to support its "after-acquired evidence" defense and because such documents are relevant to Plaintiff's credibility and to his employability with other security companies, which could be relevant from a mitigation of damages standpoint.   Plaintiff's assertion that Defendant is engaged

in a "witch hunt" is without merit.  As such, Plaintiff should be compelled to provide a full and complete response to Request for Production 12.

## II.    Defendant Is Entitled to Recover The Attorneys' Fees Incurred In Securing Plaintiff's Supplemental Discovery Responses.

Expenses incurred by a party in connection with a motion to compel are recoverable under Rule 37(a)(4)(A) of the Federal Rules where the responding party lacks sufficient justification for its failure to properly respond.  In the present dispute, Plaintiff has failed to articulate any justification for his failure to provide full and complete responses to Defendant's discovery requests.  As a result of Plaintiff's complete disregard of the Federal Rules, which has forced Defendant to file this Motion to Compel, Defendant is entitled to an award of fees and costs incurred in preparing this Motion and the supporting brief.  See Notice v. DuBois, 187 F.R.D. 19 (D. Mass. 1999) ("Absent the finding that the opposing party's position was 'substantially justified,' an award is mandatory.").  Moreover, the fact that Plaintiff is proceeding *pro se* should not preclude this Court from imposing attorneys' fees and costs.  See Farris v. Lanier Bus. Prods., Inc., 626 F. Supp. 1227 (N.D. Ga. 1986) (granting  defendant's motion for attorney's fees and costs against *pro se* plaintiff who asserted frivolous claims of employment discrimination).

Here, Defendant has made several good faith attempts to resolve the present discovery dispute without the need for Court intervention.  Within days of

22

receiving Plaintiff's incomplete and evasive discovery responses, defense counsel sent a letter to Plaintiff explaining why his discovery responses were inadequate and requesting that he produce supplemental responses.  (See Exhibit E).  Plaintiff failed to respond to that letter, and thus, defense counsel sent a second letter to Plaintiff requesting supplemental discovery responses.  (See Exhibit F).  In its letters, defense counsel cautioned Plaintiff that his failure to provide complete discovery responses would result in Defendant filing a Motion to Compel and in Defendant seeking to recover the costs and fees associated with such a Motion. Despite Defendant's good faith efforts, Plaintiff has yet to supplement his written discovery responses and has not produced all of the documents requested by Defendant.

As a result of Plaintiff's failures, Defendant's discovery efforts thus far have been significantly impeded.  Defendant has been unable to contact any of Plaintiff's purported witnesses to interview them concerning Plaintiff's allegations. Furthermore, Defendant has been required to unnecessarily expend time and resources to move this Court to compel Plaintiff to comply with his responsibilities under the Federal Rules.  Therefore, Defendant respectfully requests that this Court order Plaintiff to pay Defendant's expenses and attorneys' fees incurred in bringing this Motion.

## CONCLUSION

For all of the foregoing reasons, Defendant The Wackenhut Corporation respectfully requests that the Court grant its Motion to Compel and issue an Order compelling Plaintiff to supplement his responses to Defendant's discovery requests and awarding Defendant its expenses and attorneys' fees reasonably incurred in the preparation of this Motion.

Respectfully submitted this 17th day of September, 2007.

DUANE MORRIS LLP

/s/ James P. Ferguson, Jr.
Terry P. Finnerty
Georgia Bar No. 261561
James P. Ferguson, Jr.
Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

DM2\1243981.1

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 font.

/s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONALD JONES,                    )
                                 )
    Plaintiff,              )
                                 )
v.                               )     Case No:  1:07-CV-0567-CC-RGV
                                 )
WACKENHUT % GOOGLE INC.,         )
                                 )
    Defendant.              )

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on this 17th day of September, 2007, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE WACKENHUT CORPORATION'S MOTION TO COMPEL** with the Clerk of Court using the CM/ECF system.

    I further certify that on this 17th day of September, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

        Donald Jones
        P.O. Box 261
        Red Oak, Georgia  30272

                    <u>/s/ James P. Ferguson, Jr.</u>
                    James P. Ferguson, Jr.

                    Attorney for Defendant
                    The Wackenhut Corporation