IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| vs. : | |
| : | 1:07-CV-0567-CC-RGV |
| WACKENHUT and GOOGLE, INC., : | |
| : | |
| Defendants. : | |

**ORDER**

Pending before the Court in the above-styled action are pro se Plaintiff Donald Jones' "Motion of Objection of Magistrate Denied Plaintiff [sic] Motion" [Doc. No. 30] and "Motion to Appeal Recommendation of the Magistrate Judge" [Doc. No. 35]. A review of the "Motion of Objection of Magistrate Denied Plaintiff [sic] Motion" reveals that pro se Plaintiff Donald Jones first seeks this Court's review of a non-final Order entered by Magistrate Judge Russell G. Vineyard denying a motion filed by Plaintiff that sought clarification of a Report and Recommendation issued by Magistrate Judge Vineyard on May 11, 2007. Plaintiff's "Motion to Appeal Recommendation of the Magistrate Judge" seeks the recusal of Magistrate Judge Vineyard from the case.[1] For the reasons stated herein, the Court **DENIES** both the

---

[1] To the extent that Plaintiff also seeks to appeal Magistrate Judge Vineyard's Report and Recommendation of May 11, 2007 [Doc. No. 15], that request is grossly untimely. See Fed. R. Civ. P. 72(b) (requiring objections to be filed within ten days after service of the recommended disposition). Further, the Court adopted the Report and Recommendation as the Order of this Court on June 5, 2007 [Doc. No. 22], and finds no basis to disturb that ruling. To the extent that Plaintiff seeks by the filing to take issue with Magistrate Judge Vineyard's Report and Recommendation of June 22, 2007 [Doc. No. 29], which this Court adopted in an Order dated October 16, 2007 [Doc. No. 51], this filing does not specify with particularity the alleged error(s) made by Magistrate Judge Vineyard in the Report and Recommendation and therefore is not and was not due to be considered as an objection to the Report and Recommendation. See Fed. R. Civ. P. 72(b) (requiring objecting party to "serve and file specific, written objections to the proposed findings and recommendations").

"Motion of Objection of Magistrate Denied Plaintiff Motion" and the "Motion to Appeal Recommendation of the Magistrate Judge."

The first motion filed by Plaintiff, which seeks the undersigned's review of an Order entered by Magistrate Judge Vineyard on May 30, 2007, is due to be denied as untimely. Federal Rule of Civil Procedure 72(a) requires a party objecting to a magistrate's order on nondispositive matters to "serve and file objections to the order within 10 days after being served with a copy." Fed. R. Civ. P. 72(a). In the instant case, Magistrate Judge Vineyard entered the Order at issue on May 30, 2007, and there is no suggestion by Plaintiff that he was not served with a copy of the Order shortly thereafter. Notwithstanding the foregoing, Plaintiff did not file his objection to the Order until June 27, 2007, which was twenty-eight days after the entry of the Order. Insofar as Plaintiff's objection is untimely, the objection is not due to be considered and the Magistrate's Order of May 30, 2007, will not be reviewed or disturbed.

The second motion filed by Plaintiff, which seeks the recusal of Magistrate Judge Vineyard, has no basis in fact or in law and is therefore due to be denied. Plaintiff takes issue with the rulings of Magistrate Judge Vineyard and alleges that the Magistrate is prejudiced and biased. The law applicable to judicial disqualification states, in pertinent part, the following:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ...."

28 U.S.C. § 455(a)-(b)(1). The standard for recusal based upon an allegation of impartiality is whether a reasonable man knowing all the circumstances would have doubts about the impartiality of a judge. In re BellSouth Corp., 334 F.3d 941, 970 (11th Cir. 2003). Adverse rulings by a judge do not qualify as grounds for recusal

since a litigant is not entitled to the judge of his choice. Id. at 973-74. Insofar as the sole basis for Plaintiff's recusal motion is his disagreement with rulings made by Magistrate Judge Vineyard, Plaintiff's motion is due to be denied.

In sum, the Court **DENIES** both the "Motion of Objection of Magistrate Denied Plaintiff [sic] Motion" [Doc. No. 30] and "Motion to Appeal Recommendation of the Magistrate Judge" [Doc. No. 35].

SO ORDERED this 22nd day of October, 2007.


*s/  CLARENCE COOPER*

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE