## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:07-CV-567-CC-RGV |
| WACKENHUT and GOOGLE, INC., | |
| Defendants. | |

### **ORDER**

Pending before the Court are plaintiff's Motion to Ask the Court to Intervene in the Discovery, [Doc. 45], which is opposed, [Doc. 46], and Wackenhut's Motion to Compel, [Doc. 47], which is technically unopposed.[1] See Local R. 7.1(B), N.D. Ga. For the following reasons, the undersigned **DENIES** the Motion to Ask the Court to Intervene in the Discovery and **GRANTS** the Motion to Compel.

Wackenhut's motion to compel seeks an order compelling plaintiff to supplement his responses to its first set of interrogatories and first request for production of documents. Wackenhut served plaintiff with its first set of

---

[1] Plaintiff filed a reply to defendant's response to "Plaintiff [sic] Motion to Ask the Court to Intervene in the Discovery," [Doc. 49], but he has not filed a response to Wackenhut's Motion to Compel. Because parts of plaintiff's reply to Wackenhut's response, however, might be construed as responsive to Wackenhut's Motion to Compel, the Court does not grant the motion as unopposed but, rather, addresses it on its merits.

interrogatories and first request for production of documents on July 16, 2007. [Docs. 47-3, 47-4]. On July 23, 2007, plaintiff responded to these requests. [Docs. 47-5, 47-6]. On August 2, 2007, counsel for Wackenhut sent plaintiff a letter requesting supplemental discovery responses. [Doc. 47-7]. According to Wackenhut, plaintiff failed to respond to this letter. [Doc. 47-2 at 3]. On August 21, 2007, counsel for Wackenhut sent plaintiff a second letter, again requesting supplemental responses. [Doc. 47-8]. Wackenhut states that plaintiff contacted its counsel on August 27, 2007, to discuss various discovery issues, during which call he indicated that he would provide the supplemental responses and produce the documents requested. [Doc. 47-2 at 4]. Thereafter, according to Wackenhut, plaintiff produced twenty-four pages of documents. [Doc. 47-2 at 4 & n.1]. According to Wackenhut, plaintiff still has not supplemented his responses to its discovery requests, nor has he produced all of the documents requested.

Rule 26(b)(1) authorizes discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "The scope of discovery under Rule 26(b) is broad . . . ." Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 686 (S.D. Fla. 2007). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without

the evidence." Fed. R. Ev. 401. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Wackenhut contests plaintiff's responses to Interrogatory Nos. 1 - 5, 7 - 9, and 12. Wackenhut's interrogatories and plaintiff's responses thereto are as follows. Interrogatory No. 1 asked plaintiff to identify and provide contact information for all persons who he has interviewed or obtained statements from regarding his allegations against Wackenhut. [Doc. 47-3 ¶ 1]. Plaintiff responded, "Because this is a retaliation discrimination case and the plaintiff was harass [sic] with malice the plaintiff will as [sic] for a [sic] order of protection for all persons who will come forward. The plaintiff will first get the order and then interviewed [sic]."[2] [Doc. 47-5 ¶ 1].

Interrogatory No. 2 asked plaintiff to identify and provide contact information for all persons having knowledge of his allegations against Wackenhut. [Doc. 47-3 ¶ 2]. In response, plaintiff cited his response to Interrogatory No. 1. [Doc. 47-5 ¶ 2]. Interrogatory No. 3 asked plaintiff to state the basic facts or claims of which the

---

[2] Plaintiff makes a request for a protective order in his Motion to Ask the Court to Intervene in the Discovery. Specifically, plaintiff states, "The plaintiff is asking the court for an order of protective [sic] for the persons who will come forward. He fear [sic] the defendant is going to retaliation [sic] by hassing [sic] the witness." [Doc. 45 at 1].

3

persons identified in Interrogatory No. 2 have knowledge. [Doc. 47-3 ¶ 3]. Plaintiff again cited his response to Interrogatory No. 1. [Doc. 47-5 ¶ 3]. Interrogatory No. 4 asked plaintiff to identify and provide contact information for any current or former employee of Wackenhut with whom plaintiff has discussed his lawsuit. [Doc. 47-3 ¶ 4]. Once again, plaintiff cited his response to Interrogatory No. 1. [Doc. 47-5 ¶ 4].

Interrogatory No. 5 asked plaintiff to identify all documents and exhibits that he will use at trial. [Doc. 47-3 ¶ 5]. In response, plaintiff stated, "You know and had the documents and exhibits." [Doc. 47-5 ¶ 5]. Interrogatory No. 7 asked plaintiff to list the income he has received since June 1, 2006, and the sources thereof. [Doc. 47-3 ¶ 7]. Plaintiff objected to Interrogatory No. 7 on the grounds that the suit was a retaliation suit and he feared more retaliation. [Doc. 47-5 ¶ 7]. Interrogatory No. 8 asked plaintiff to list any employers with whom he sought employment since June 1, 2006, as well as the dates and results of his applications. [Doc. 47-3 ¶ 8]. Plaintiff cited his response to Interrogatory No. 7 in response to this interrogatory. [Doc. 47-5 ¶ 8]. Interrogatory No. 9 asked plaintiff to list all of his employers since June 1, 2006, and provide information regarding this employment, i.e., contact information, his immediate supervisor's name, the dates of his employment, and the reasons for

leaving each employer. [Doc. 47-3 ¶ 9]. Again, plaintiff cited his response to Interrogatory No. 7. [Doc. 47-5 ¶ 9].

Finally, Interrogatory No. 12 asked plaintiff to identify all lawsuits in which he has been involved within the last ten years, including civil lawsuits, criminal actions, divorce proceedings, bankruptcy proceedings, or administrative proceedings, and to provide information regarding each, i.e., the names of the parties, the court in which the matter was pending, the case number, and the end result. [Doc. 47-3 ¶ 12]. Plaintiff objected to the ten-year period of time for which this information is sought and stated that this interrogatory constituted a "witch hunt." [Doc.47-5 ¶ 12].

Wackenhut also challenges plaintiff's responses to Request for Production Nos. 1 - 6 and 9 - 12. Wackenhut's Requests for Production and plaintiff's responses thereto are as follows. Defendant's Request for Production No. 1 asked plaintiff to produce all documents which support his lawsuit against Wackenhut. [Doc. 47-4 ¶ 1]. Plaintiff responded by asserting that Wackenhut "had all the document[s]." [Doc. 47-6 ¶ 1]. Request for Production No. 2 asked plaintiff to produce all documents and letters that he received from or sent to Wackenhut during his employment. [Doc. 47-4 ¶ 2]. Again, plaintiff responded by asserting that Wackenhut "had all the document[s]." [Doc. 47-6 ¶ 2].

5

Request for Production No. 3 asked plaintiff to produce all witness statements that he has obtained in this action. [Doc. 47-4 ¶ 3]. Plaintiff responded by referring Wackenhut to his answer to Interrogatory No. 1, wherein plaintiff stated that he would seek a protective order. [Doc. 47-6 ¶ 3]. Request for Production No. 4 asked plaintiff to produce his federal and state income tax returns from the year 2005 to the present. [Doc. 47-4 ¶ 4]. Plaintiff responded by referring Wackenhut to his answer to Interrogatory No. 12, wherein he opines that Wackenhut is on a "witch hunt." [Doc. 47-6 ¶ 4].

Request for Production No. 5 asked plaintiff to produce all documents and exhibits that he will use at trial. [Doc. 47-4 ¶ 5]. Plaintiff responded by referring Wackenhut to his answer to Interrogatory No. 5, wherein he stated that Wackenhut had the documents. [Doc. 47-6 ¶ 5]. Request for Production No. 6 asked plaintiff to produce copies of applications and resumes that he has submitted to any prospective employers since June 1, 2006. [Doc. 47-4 ¶ 6]. Plaintiff responded by referring Wackenhut to his answer to Interrogatory No. 12, wherein he opines that Wackenhut is on a "witch hunt." [Doc. 47-6 ¶ 6].

Request for Production No. 9 asked plaintiff to produce all documents related to any internal complaints he made or filed with Wackenhut during his former employment. [Doc. 47-4 ¶ 9]. Plaintiff responded by asserting that Wackenhut "had

all the documents." [Doc. 47-6 ¶ 9]. Request for Production No. 10 asked plaintiff to produce all documents which he sent to or received from the EEOC in this case. [Doc. 47-4 ¶ 10]. Plaintiff again responded by asserting that Wackenhut "had all the documents." [Doc. 47-6 ¶ 10]. Request for Production No. 11 asked plaintiff to produce all documents identified in his initial disclosures. [Doc. 47-4 ¶ 11]. Plaintiff responded by asserting that Wackenhut "had all the documents." [Doc. 47-6 ¶ 11]. Request for Production No. 12 asked plaintiff to produce all documents related to all lawsuits in which he has been involved within the last ten years, including civil lawsuits, criminal actions, divorce proceedings, bankruptcy proceedings, or administrative proceedings. [Doc. 47-4 ¶ 12]. Plaintiff responded by referring Wackenhut to his answer to Interrogatory No. 12, wherein he opines that Wackenhut is on a "witch hunt." [Doc. 47-6 ¶ 12].

With regard to Interrogatory Nos. 1 through 4, plaintiff objected only on the grounds that he wished to obtain a protective order before disclosing the information sought in therein. Rule 26(c) provides that "[u]pon motion by a party . . . , accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Plaintiff has not complied with the requirements of Rule 26(c) in seeking a protective order. First, plaintiff has not included in or attached to his motion requesting a protective order any certification that he has conferred or attempted to confer in good faith with Wackenhut regarding this matter.

Second, plaintiff has not specified the type of protection he seeks. Rule 26(c) allows various protective orders to be entered, including, i.e., "(1) that the disclosure or discovery not be had; (2) that the disclosure or discovery . . . be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery . . . be had only by a method of discovery other than that selected by the party seeking discovery; [and/or] (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . . ." Fed. R. Civ. P. 26(c). Nowhere in his motion or response does plaintiff indicate which type of protection he seeks.

Third, even if the Court were willing to fashion a protective order without a specific request by plaintiff as to the type of protection he seeks, the reasons plaintiff offers for wanting a protective order do not demonstrate that one is needed in this case. Plaintiff contends that Wackenhut has harassed and defamed him by making the disputed discovery requests, by filing a "false" declaration, and by calling him

"defamat[ory] names" such as "career plaintiff" and "criminal." While plaintiff objects to many of Wackenhut's discovery requests in this case, he has not carried his burden of showing that Wackenhut's requests are improper. Likewise, plaintiff's contention regarding a "false" declaration[3] presents a factual dispute regarding service of process but does not provide a basis for a protective order.

As for plaintiff's assertion that Wackenhut has called him defamatory names, Wackenhut has stated that it seeks information and documents relating to lawsuits in which plaintiff has been involved to determine whether plaintiff is a "career plaintiff" and that it seeks information and documents relating to criminal actions in which he has been involved, among other reasons, because such information and documents are relevant to plaintiff's credibility. Both of these are relevant areas of inquiry regarding plaintiff's credibility. See Mills v. Estelle, 552 F.2d 119, 120 (5th Cir. 1977) ("prior crime impeachment evidence is relevant in evaluating credibility"); Gutescu v. Carey Int'l, Inc., No. 01-4026-CIV, 2003 WL 25589038, *2 (S.D. Fla. Aug. 28, 2003) (upholding order compelling production of documents related to claim for injuries sustained in an automobile accident on the grounds that "evidence that Plaintiff may have a history of filing contrived lawsuits may be relevant to Plaintiff's

---

[3] In her declaration, Teresa Kirby stated that plaintiff personally served the complaint on Wackenhut. [Doc. 4-3 ¶ 4]. Disputing this, plaintiff filed an affidavit from David Pittman in which Pittman states that he acted as process server in this case and served Wackenhut with the complaint on March 19, 2007. [Doc. 31].

credibility"). Wackenhut has not, as plaintiff asserts, defamed him by inquiring into these areas.

In sum, plaintiff offers no allegation or evidence that shows why any protective order should be entered in this case. For all of these reasons, the Court **DENIES** plaintiff's request for a protective order. Because plaintiff's refusal to answer Interrogatory Nos. 1 through 4 was based solely on his desire for a protective order, the Court **ORDERS** plaintiff to supplement his responses to Interrogatory Nos. 1 through 4 within twenty (20) days after this Order is entered.

With regard to Interrogatory No. 5, plaintiff has withheld the information sought on the grounds that Wackenhut already knows and has the information. In its brief in support of the motion to compel, Wackenhut asserts that it does not, in fact, know which documents or other exhibits plaintiff intends to use at trial. Rule 26(a)(3) requires plaintiff to disclose these items at least 30 days before trial unless they are to be used solely for impeachment. Fed. R. Civ. P. 26(a)(3). In lieu of this requirement, Rule 16.4 of the Local Rules requires plaintiff to include this information in the parties' consolidated pretrial order which is to be filed no later than thirty (30) days after the close of discovery or entry of the court's ruling on any pending motions for summary judgment, whichever is later. Local R. 16.4(A), (B)(19), N.D. Ga. Because plaintiff has offered no valid objection which would

indicate that he is unable to answer Interrogatory No. 5 at this point in time, the Court **ORDERS** plaintiff to provide this information to Wackenhut within twenty (20) days after this Order is entered.

With regard to Interrogatory Nos. 7 through 9, plaintiff has withheld the information sought on the grounds that he fears retaliation by Wackenhut. This objection is based on an assumption that Wackenhut will violate the law. Title VII prohibits an employer from discriminating against a former employee who is availing himself of Title VII's protections by participating in a lawsuit filed under that Act. Robinson v. Shell Oil Co., 519 U.S. 337, 339 (1997). "The presumption is that the law will be obeyed," and the Court cannot act upon an assumption that Wackenhut will violate the law by retaliating against plaintiff. Fleming v. Bernardi, 1 F.R.D. 624, 626 (N.D. Ohio 1941). Thus, fear of retaliation is an improper grounds for withholding an answer to a discovery request. Id. Since fear of retaliation is the only grounds on which plaintiff refuses to answer Interrogatory Nos. 7 through 9, the Court **ORDERS** plaintiff to answer these Interrogatories within twenty (20) days after this Order is entered.

With regard to Interrogatory No. 12, plaintiff characterizes Wackenhut's request for information regarding lawsuits in which plaintiff was involved in the past ten years as a "witch hunt." "A party opposing discovery bears the burden of

showing why discovery should be denied." Perez Librado v. M.S. Carriers, Inc., No. Civ.A.3:02-CV-2095-D, 2003 WL 21075918, *4 (N.D. Tex. May 9, 2003). "In order to satisfy its burden, the objecting party must make a specific, detailed showing of how an interrogatory is burdensome." Id. "Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." Id.

In his reply to Wackenhut's response to the Motion to Ask the Court to Intervene in the Discovery, plaintiff does not specify exactly how or to what extent Wackenhut's inquiry is overbroad, burdensome, oppressive, or irrelevant. For example, although plaintiff generally takes issue with the ten-year scope of the interrogatory and the nature of the actions into which Wackenhut inquires, he does not state whether he would identify the information sought if the inquiry were restricted to some other period of time or collection of actions. Cf. Jackson v. Geometrica, Inc., No. 304CV640J20HTS, 2006 WL 510059, *2 (M.D. Fla. Mar. 2, 2006) (restricting request for documents in "any other cause of action in which [the party] was or is a party" where defendant expressed willingness to produce documents from similar litigation from three years prior to the incident in question); Freedman v. Lincoln Nat. Life Ins. Co., No. 3:05CV81-J-12HTS, 2005 WL 2850307, *1 (M.D. Fla.

Oct. 31, 2005) (not compelling party to respond further when, in response to an overbroad request, party objected on grounds of overbreadth and irrelevance but also answered to extent that it was willing). Indeed, it is unclear from plaintiff's objection and response exactly to which portions of the interrogatory plaintiff objects and why. In sum, plaintiff's broad, non-specific objection to Interrogatory No. 12 is insufficient to satisfy his burden of showing that the discovery should be denied. Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985). Accordingly, the Court overrules plaintiff's objection to this interrogatory and **ORDERS** plaintiff to respond to Interrogatory No. 12 within twenty (20) days of this Order.

With regard to Request for Production Nos. 1-2, 5, and 9-11, plaintiff states that Wackenhut already has the documents requested. Wackenhut asserts that plaintiff should be required to produce documents responsive to these requests even if he believes defendant already to be in possession of them. "[T]he fact that the information sought might already be in the possession of the requesting party or obtainable from another source is not a bar to discovery of relevant information." Stout v. Wolff Shoe Co., No. 3:04-cv-23231-JFA, 2007 WL 1034998, *2 (D.S.C. Mar. 31, 2007). To the extent plaintiff has already produced documents responsive to Wackenhut's Request for Production Nos. 1 - 2, 5 and 9-11, the Court **ORDERS**

plaintiff to supplement his responses to these requests by directing Wackenhut's attention to the specific responsive documents. Insofar as plaintiff has not already produced the documents responsive to these requests, the Court **ORDERS** plaintiff to produce such documents within twenty (20) days of this Order.

With regard to Request for Production No. 3, because plaintiff has withheld the documents sought therein only on the grounds that he would seek a protective order and the Court has denied plaintiff's request for any protective order in this case, plaintiff is **ORDERED** to produce all documents responsive to Request for Production No. 3 within twenty (20) days of this Order.

With regard to Request for Production Nos. 4, 6, and 12, in response to which plaintiff points to his accusation that Wackenhut is engaging in a "witch hunt," as with Interrogatory No. 12, plaintiff's objections are insufficiently detailed to allow the Court to ascertain exactly what is objectionable to plaintiff. Panola Land, 762 F.2d at 1559. Nowhere in his reply to Wackenhut's response to the Motion to Ask the Court to Intervene in the Discovery does plaintiff address Request for Production Nos. 4 or 6. Because plaintiff has the burden of detailing the grounds on which he objects to these requests and has failed to carry this burden, the Court **ORDERS** plaintiff to respond to Request for Production Nos. 4 and 6 within twenty (20) days of this Order.

As for Request for Production No. 12, plaintiff's objection fails for the same reasons as his objection to Interrogatory No. 12 fails. Plaintiff's objection is simply insufficient to allow the Court to assess it on the merits. Because plaintiff has failed to carry the burden of detailing exactly what it is to which he objects, the Court **ORDERS** plaintiff to produce all documents responsive to Request for Production No. 12 within twenty (20) days of this Order.

In his August 30, 2007, Motion to Ask the Court to Intervene in the Discovery, plaintiff states, "The defendant is deny [sic] the plaintiff his interrogatories on the grounds 'that they are overly broad, unduly burdensome and seek information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence[.]'" [Doc. 45 at 1]. Insofar as plaintiff's motion can be construed as a motion to compel supplemental discovery information from Wackenhut, Wackenhut opposes this request on the grounds that plaintiff has failed to confer with Wackenhut in good faith prior to making this request. Local Rule 37.1(A)(1) requires a party to include in a motion to compel a certification that he "in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Local R. 37.1(A)(1), N.D. Ga.; Fed. R. Civ. P. 37(a)(2)(B). Plaintiff has failed to include any such certification. Accordingly, insofar as the Motion to Ask the Court

to Intervene in the Discovery can be construed as a Motion to Compel, plaintiff's motion is **DENIED**.

## CONCLUSION

For these reasons, the Court **DENIES** the Motion to Ask the Court to Intervene in the Discovery, [Doc. 45], and **GRANTS** the Motion to Compel, [Doc. 47], with each party to bear its own fees and expenses.

**IT IS SO ORDERED** this 31st day of October, 2007.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE