IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:07-CV-0567-CC-RGV |
| | ) |
| WACKENHUT % GOOGLE INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT THE WACKENHUT CORPORATION'S RESPONSE TO "PLAINTIFF RESPONSE AND OBJECTION OF MAGISTRATE JUDGE RUSSELL G. VINEYARD ORDER"

COMES NOW Defendant The Wackenhut Corporation (hereinafter "Wackenhut"), and hereby files this Response to "Plaintiff Response and Objection of Magistrate Judge Russell G. Vineyard Order." For the reasons discussed below, Wackenhut respectfully requests that the Court affirm the Magistrate Judge's Order dated October 31, 2007, which denied Plaintiff's "Motion to Ask the Court to Intervene in the Discovery" and granted Wackenhut's Motion to Compel.

### ARGUMENT

Plaintiff, who is proceeding *pro se*, initiated this employment discrimination lawsuit on March 12, 2007, alleging that Wackenhut subjected him to race and age discrimination and retaliation. The discovery period commenced on July 13, 2007.

On July 16, 2007, Wackenhut served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents. On July 23, 2007, Plaintiff submitted incomplete and evasive responses to Wackenhut's discovery requests. Thereafter, Wackenhut made several good-faith attempts to obtain supplemental discovery responses from Plaintiff, but its efforts proved unsuccessful.

On August 30, 2007, Plaintiff filed a "Motion to Ask the Court to Intervene in the Discovery," which sought to obtain, among other things, a protective order prohibiting Wackenhut from discovering the names of Plaintiff's witnesses. On September 17, 2007, Wackenhut filed a Motion to Compel, which sought to compel Plaintiff to provide, among other things, the names of his witnesses and to produce additional relevant documents.

On October 31, 2007, the Magistrate Judge issued an Order denying Plaintiff's "Motion to Ask the Court to Intervene in the Discovery" and granting Wackenhut's Motion to Compel. The Order states that Plaintiff must supplement his discovery responses within twenty (20) days after the Order was entered.

On November 8, 2007, Plaintiff filed a "Response and Objection of Magistrate Judge Russell G. Vineyard Order" ("Objection"). Plaintiff's Objection does not advance any plausible argument demonstrating why the Magistrate

Judge's Order dated October 31 should be overruled.  Instead, with his Objection, Plaintiff presents a series of unsubstantiated allegations, such as accusing Wackenhut of "shopping judges" and participating in "the 'good old boy system.'" (Objection at 1).  Plaintiff even challenges the "impartiality of Judge Cooper and his magistrate," and he demands that both Judges recuse themselves from this case. (Objection at 1).

Plaintiff's Objection should be overruled because it fails to reference any specific section of the Magistrate Judge's Order which is alleged to be "objectionable."  For this reason alone, Plaintiff's Objection is without merit.  See Macort v. Prem, Inc., 208 Fed. Appx. 781, 783 (11th Cir. 2006) ("In order to challenge the findings and recommendations of the magistrate, a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989)).

Furthermore, contrary to Plaintiff's assertion, a cursory review of the Magistrate Judge's Order reveals that it is a well-reasoned opinion with citations to record evidence and relevant legal authority.  Plaintiff's Objection, on the other hand, is merely another self-serving filing in which Plaintiff makes the unfounded assertion that the Court has some kind of personal prejudice against him.

Moreover, by challenging the previously-submitted Declaration of Wackenhut employee Theresa Kirby, Plaintiff's Objection discusses the issue of whether Plaintiff properly effected service of process – an issue that has been resolved and that was not even addressed in the October 31 Order.[1]

The Magistrate Judge's Order should be adopted in its entirety. As the Magistrate Judge correctly held, although Plaintiff may believe that he has no obligation to reply to certain of Wackenhut's discovery requests and that he is entitled to a protective order, he is clearly mistaken. Also as the Magistrate Judge noted, Plaintiff has failed to carry his burden of showing that Wackenhut's discovery requests are improper, and he has failed to provide any logical explanation as to why a protective order should be entered in this case. For these reasons, Plaintiff's Objection should be overruled.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court affirm the Magistrate Judge's Order of October 31, 2007.

---

[1] It should be noted that both Wackenhut and Ms. Kirby stand by the statements contained in Ms. Kirby's Declaration.

Respectfully submitted this 15th day of November, 2007.

                              DUANE MORRIS LLP

                              /s/ James P. Ferguson, Jr.
                              Terry P. Finnerty
                              Georgia Bar No. 261561
                              James P. Ferguson, Jr.
                              Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 font.

s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2007, I electronically filed the foregoing **DEFENDANT THE WACKENHUT CORPORATION'S RESPONSE TO "PLAINTIFF RESPONSE AND OBJECTION OF MAGISTRATE JUDGE RUSSELL G. VINEYARD ORDER"** with the Clerk of Court using the CM/ECF system.

I further certify that on this on this 15th day of November, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Donald Jones
>P.O. Box 261
>Red Oak, Georgia 30272

>/s/ James P. Ferguson, Jr.
>James P. Ferguson, Jr.

>Attorney for Defendant
>The Wackenhut Corporation