IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONALD JONES,

    Plaintiff,

v.

WACKENHUT and GOOGLE, INC.,

    Defendants.

CIVIL ACTION NO.
1:07-CV-567-CC-RGV

## ORDER

"Plaintiff's Response and Appeal to Judge's Order," [Doc. 53], which has been docketed as a motion, and "Plaintiff['s] Motion Asking Chief Judge Jack T Camp to Intervene in the Case," [Doc. 54], have been submitted to the undersigned Magistrate Judge for ruling. The Court hereby **DENIES** both motions. In "Plaintiff's Response and Appeal to Judge's Order," plaintiff asks District Judge Clarence Cooper, who is assigned to this case, to disqualify himself "for bias agaisnt [sic] the plaintiff" and to withdraw his orders. [Doc. 53]. Judge Cooper recently denied plaintiff's request for recusal in an Order dated November 16, 2007, [Doc. 60], and, because plaintiff has offered no valid basis for recusal, the Court **DENIES** the relief requested in "Plaintiff's Response and Appeal to Judge's Order." [Doc. 53].

In "Plaintiff[']s Motion Asking Chief Judge Jack T Camp to Intervene in the Case," plaintiff requests the intervention of Chief Judge Camp in the case "because of prejudice in the case." [Doc. 54]. Plaintiff states that "Judge Cooper is using crafty tactic [sic] to help the defendant made the plaintiff made lengthy appeals [sic]." [Id.]. Plaintiff requests a conference "if it will help." [Id.]. A conference to resolve this issue is not needed because there is no basis in law or fact for ordering a re-assignment or referral of this case to Chief Judge Camp. As stated, Judge Cooper has already denied plaintiff's request for recusal, [Doc. 60], and an implicit finding in that Order is that this is not a proceeding in which Judge Cooper's impartiality might reasonably be questioned and that Judge Cooper suffers from no personal bias or prejudice against plaintiff. See 28 U.S.C. § 455(a)-(b)(1). See also [Doc. 52 at 2 (citing 28 U.S.C. § 455(a)-(b)(1)]. As Judge Cooper stated in a previous order, a litigant is "not entitled to the judge of his choice." [Doc. 52 at 3 (citing In re BellSouth Corp., 334 F.3d 941, 970 (11th Cir. 2003)]. For this reason, the Court **DENIES** "Plaintiff[']s Motion Asking Chief Judge Jack T Camp to Intervene in the Case." [Doc. 54].

**IT IS SO ORDERED** this 28th day of November, 2007.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE