IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE WACKENHUT CORPORATION'S MOTION FOR SANCTIONS**

COMES NOW Defendant The Wackenhut Corporation (incorrectly identified in Plaintiff's Complaint as "Wackenhut % Google Inc.") (hereinafter "Defendant" or "Wackenhut"), pursuant to Federal Rule of Civil Procedure 37(b) and the Local Rules of Court for the Northern District of Georgia, and hereby files this Memorandum of Law in Support of its Motion for Sanctions. For the reasons discussed below, Defendant respectfully requests that the Court issue an Order imposing the following sanctions: (a) dismiss Plaintiff's Complaint; (b) hold Plaintiff in contempt of court for failing to obey the Court's October 31 Order; (c) require Plaintiff to pay the reasonable expenses, including attorneys' fees, incurred by Defendant in preparing this Motion and in its earlier efforts to obtain discovery

Jones v. Wackenhut &#037; Google Inc.　　Doc. 66 Att. 1

DM2\1329935.1

Dockets.Justia.com

responses from Plaintiff; and (d) award such other relief that the Court deems appropriate and just under the circumstances.

## STATEMENT OF FACTS

Plaintiff was formerly employed with Defendant as a security officer, until he abruptly resigned his employment in August 2006. On March 12, 2007, Plaintiff (who is proceeding *pro se*) filed a Complaint alleging that Defendant subjected him to race and age discrimination and retaliation. On July 11, 2007, Defendant filed its Answer to Plaintiff's Complaint. Thereafter, the parties jointly agreed to an early commencement of the discovery period – with discovery beginning on July 13, 2007.

On July 16, 2007, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents. Plaintiff submitted written responses to Defendant's discovery requests on July 23, 2007. However, Plaintiff's responses were woefully deficient in all respects. For example, Plaintiff not only refused to identify any of his witnesses, but he also refused to produce any documents in response to Defendant's requests for production. Therefore, in accordance with Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 37.1, defense counsel sent a letter to Plaintiff on August 2, 2007, explaining why his responses were deficient and requesting that he supplement his discovery

responses on or before August 16, 2007. (A true and correct copy of defense counsel's August 2 letter is attached hereto as Exhibit A). When Plaintiff failed to provide supplemental responses by August 16, defense counsel sent a second letter to Plaintiff on August 21, 2007, once again requesting supplemental discovery responses. (A true and correct copy of defense counsel's August 21 letter is attached hereto as Exhibit B).

On August 27, 2007, Plaintiff contacted defense counsel to discuss various discovery issues. During that telephone conference, Plaintiff indicated that he would provide Defendant with supplemental responses and would produce the documents requested by Defendant. Thereafter, Plaintiff produced 24 pages of documents to Defendant.[1] However, Plaintiff did not supplement his responses to Defendant's Interrogatories and he did not produce all of the documents requested by Defendant. Rather, on August 30, 2007, Plaintiff filed a "Motion to Ask the Court to Intervene in the Discovery," wherein he "ask[ed] the court for a [sic] order of protective [sic]," claiming that "[t]he defendant is engaged in a 'witch

---

[1] On August 31, 2007, Plaintiff sent a 15-page facsimile to Defendant containing a random mixture of documents, which included a few Wackenhut memos, work schedules, and some of Plaintiff's disciplinary/corrective action notices. On September 6, 2007, Plaintiff sent another random mixture of documents to Defendant in an 9-page facsimile, which included some of Plaintiff's pay stubs and some of the same information he produced in his August 31 facsimile. Not surprisingly, Plaintiff did not indicate which particular document request(s) his documents were responsive to.

3

hunt'" and "is harassing the plaintiff." [Document Number 45]. As a result of Plaintiff's refusal to provide supplemental discovery responses, Defendant filed a Motion to Compel on September 17, 2007, seeking an order compelling Plaintiff to supplement his responses to Defendant's discovery requests and awarding Defendant its expenses and attorneys' fees incurred in preparing the Motion. [Document Number 47].

On October 31, 2007, the Court issued an Order granting Defendant's Motion to Compel.[2] [Document Number 55]. Pursuant to the Court's Order, Plaintiff was required to supplement his responses to Defendant's Interrogatories within 20 days after the Order was entered.[3] (Id.). In addition, Plaintiff was ordered to supplement his responses to Defendant's Requests for Production by "directing Wackenhut's attention to the specific responsive documents" and, to the extent Plaintiff had not already produced documents responsive to Defendant's requests, Plaintiff was required to produce such documents within 20 days of the Order. (Id.).

---

[2] In addition to granting Defendant's Motion to Compel, the Court denied Plaintiff's "Motion to Ask the Court to Intervene in the Discovery." [Document Number 55].

[3] The Order was entered on November 1, 2007, which made Plaintiff's supplemental discovery responses due on or before November 21, 2007.

4

On November 8, 2007, Plaintiff filed a "Response and Objection of Magistrate Judge Russell G. Vineyard Order," wherein he requested that "Judge Cooper and his magistrate" remove the Court's Orders and recuse themselves because of an alleged "personal prejudice against the plaintiff." [Document Number 56]. On November 16, 2007, the Court overruled Plaintiff's "Response and Objection of Magistrate Judge Russell G. Vineyard Order" and adopted Magistrate Judge Vineyard's October 31, 2007, Order "in its entirety." [Document Number 60]. The Court also denied "all other relief requested by Plaintiff in his response to the Order, including specifically Plaintiff's request for the recusal of [Judge Cooper] and Magistrate Judge Vineyard." (Id.)

Despite the Court's October 31 Order compelling Plaintiff to supplement his discovery responses, and despite the Court's November 16 Order overruling Plaintiff's objections and adopting the Magistrate Judge's Order "in its entirety," Plaintiff refused to supplement his discovery responses within 20 days after the October 31 Order was entered. Instead, on November 23, 2007, Plaintiff filed an "Appeal of Judge Clarence Cooper Order," wherein he continued to assert that the Court "has a personal bias against the plaintiff." [Document Number 61]. Moreover, in defiance of the Court's Order compelling him to produce

5

supplemental discovery responses, Plaintiff stated that "he can not follow these orders." (Id.).

Instead of immediately filing a motion for sanctions against Plaintiff for his willful failure to comply with the Court's October 31 Order, defense counsel sent a letter to Plaintiff on November 30, 2007, explaining that he was in violation of the Court's Order and that Defendant could not properly prepare for and conduct his deposition without his supplemental discovery responses. (A true and correct copy of defense counsel's November 30 letter is attached hereto as Exhibit C). In the same letter, Plaintiff was also informed that if he did not provide Defendant with supplemental discovery responses by December 10, 2007, Defendant would seek further assistance from the Court. (Id.). However, defense counsel's letter failed to motivate Plaintiff to comply with the Court's Order. In fact, after receiving the November 30 letter, Plaintiff contacted defense counsel and made clear that he was not going to provide Defendant with any supplemental discovery responses, especially in light of his "appeal" requesting that the Court of Appeals "Dismiss all of Judge Cooper [sic] orders and remove he [sic] from the cases [sic]." [Document Number 61].

For several months now, Defendant has sought to obtain supplemental discovery responses from Plaintiff without success. Even after the Court issued an

6

extensive Order explaining to Plaintiff why he was obligated to supplement his discovery responses and that he must produce such responses within 20 days, he remains defiant and unwilling to comply with the Court's Order. Therefore, Defendant brings this Motion for Sanctions.

## ARGUMENT AND CITATION OF AUTHORITY

A. **Plaintiff must be sanctioned for violating the Court's Order.**

A district court has broad discretion to control discovery. See Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (affirming district court's order dismissing *pro se* plaintiff's action based on his refusal to comply with discovery orders). "This power includes the ability to impose sanctions on uncooperative litigants." Id. (citing Fed. R. Civ. P. 37). Federal Rule of Civil Procedure 37 provides for the imposition of sanctions when a party fails to obey a court order requiring discovery. More specifically, Rule 37 states, in pertinent part, as follows: "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).

Some of the sanctions available under Rule 37 include striking the disobedient party's pleadings, dismissing the action or proceeding in whole or in part, or treating as contempt of court the failure to obey an order. (Id.). The

7

purpose of such sanctions is twofold: "'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980) (quoting National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976).

In the present case, Plaintiff has clearly failed to obey an order to provide discovery. Pursuant to the Court's October 31 Order, Plaintiff was instructed to provide supplemental discovery responses to Defendant within 20 days after the Order was entered on November 1. The deadline for Plaintiff to comply with the Order has long since passed and Defendant has yet to receive any supplemental discovery responses from Plaintiff. Accordingly, the circumstances warrant the imposition of sanctions under Rule 37.

B. **Plaintiff's willful misconduct in failing to comply with the Court's Order justifies the dismissal of Plaintiff's Complaint.**

While an order dismissing an action is considered the most severe Rule 37 sanction, it may be appropriate when a party's failure to comply with a court order is the result of the party's willfulness and a lesser sanction would not suffice to maintain the integrity of the judicial process. See Arbor Int'l Foods, L.L.C. v. Reco Sales Corp., Inc., 2006 U.S. Dist. LEXIS 40048, *6 (N.D. Ga. June 16, 2006) (granting defendant's motion for sanctions and striking plaintiff's complaint after

8

DM2\1329935.1

finding that plaintiff's actions were willful and that lesser sanctions would be insufficient) (LEXIS case attached hereto as Exhibit D). See also Moon v. Newsome, 863 F.2d 835 (5th Cir. 1989) (affirming district court's order dismissing *pro se* plaintiff's case based on plaintiff's refusal to acknowledge the authority of the magistrate and his unwillingness to comply with the court's discovery orders). "Violation of a discovery order is deemed willful if it is demonstrated that the party consciously or intentionally fails to comply with the terms of the order." Arbor Int'l Foods, L.L.C., 2006 U.S. Dist. LEXIS at *7 (citing Phipps, 8 F.3d at 790).

Plaintiff's conduct in refusing to comply with the Court's October 31 Order can be considered nothing other than willful. Since the October 31 Order was entered, Plaintiff has made absolutely no attempt to provide Defendant with supplemental discovery responses, yet he has managed to file multiple pleadings questioning the impartiality of the Court. There is no question that Plaintiff is aware of and understands the obligations imposed on him by the Court's Order. This is clearly illustrated by the comment he made in his "Appeal of Judge Clarence Cooper Order," wherein Plaintiff stated that "he can not follow these orders." [Document Number 61]

9

Plaintiff's willfulness is further confirmed by the representations he made to defense counsel after he filed his "Appeal of Judge Clarence Cooper Order," when he made clear that he had no intention of complying with the Court's October 31 Order until after he receives a ruling from the appellate court. Thus, there is no doubt that Plaintiff has made a conscious decision not to obey the Court's ruling.

Plaintiff is evidently under the false impression that his "appeal" somehow divests this Court of jurisdiction and excuses him from complying with the Court's Order.[4] However, Plaintiff's misunderstanding of the law must not overshadow the fact that he has willfully chosen to ignore this Court's authority. "If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." Moon, 863 F.2d at 837. Moreover, when the record demonstrates that a plaintiff has deliberately and defiantly refused to comply with a discovery order, and the plaintiff has represented to the court that he has no intention of following its orders, "a district judge has the authority to deny that plaintiff further access to the court to pursue the case." Blakeney, 8 F.3d at 790-91.

---

[4] It is well-settled that a notice of appeal from an unappealable order does not divest the district court of jurisdiction. See McKesson HBOC, Inc. v. Islamic Republic of Iran, 315 F.Supp.2d 63 (D. D.C. 2004). The order that is the subject of Plaintiff's "appeal" is not an appealable order. See In re City of Detroit, 828 F.2d 1160, 1165-66 (6th Cir. 1987) (holding that an order denying recusal of a judge is not reviewable prior to the entry of a final decision.). Therefore, Plaintiff's "appeal" has no effect on his obligation to comply with the Court's October 31 Order.

DM2\1329935.1

In light of Plaintiff's conduct thus far, the sanction of dismissal is warranted as it has become apparent that lesser sanctions would not ensure Plaintiff's compliance with future orders of this Court. If the Court were to simply hold Plaintiff in contempt and require him to pay the reasonable attorneys' fees incurred by Defendant in preparing and filing this Motion, Plaintiff would in all likelihood ignore the Court's ruling and continue his current course of conduct. Therefore, dismissal of Plaintiff's action is warranted under the circumstances.

C. **Plaintiff's conduct in failing to comply with the Court's October 31 Order constitutes contempt of court**

Another sanction a district court may impose under Rule 37 is an order "treating as a contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A). To enter civil contempt sanctions, a court must find by clear and convincing evidence that: (1) a valid and lawful order was violated; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002).

First, there is no dispute that Plaintiff violated a valid and lawful order of this Court. He has failed and refused to provide Defendant with supplemental discovery responses. Second, the Court's Order was clear and unambiguous. Plaintiff knows what information he needs to provide to Defendant, and he knows

11

when he was supposed to provide it. Third, Plaintiff's conduct after the Court's Order was entered clearly demonstrates that he had the ability to comply with the Order. Obviously, Plaintiff knows the names of his witnesses and what his trial exhibits will be, yet Plaintiff steadfastly refuses to provide this and other information to Defendant. Accordingly, Plaintiff should be held in contempt of Court. See Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137, 1147 (11th Cir. 2006) ("Courts . . . have embraced an inherent contempt authority") (quoting International Union, UMW v. Bagwell, 512 U.S. 821, 831 (1994)).

D. **Plaintiff's actions warrant recovery for the reasonable expenses, including attorneys' fees, incurred by Defendant in preparing this Motion and in its earlier efforts to obtain discovery responses from Plaintiff.**

In lieu of or in addition to dismissing Plaintiff's Complaint, Rule 37 states that "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The fact that Plaintiff is proceeding *pro se* and has recently filed a request to proceed *in forma pauperis*[5] is not enough to spare him

---

[5] On December 5, 2007, shortly after he received notice from the Court that he had to pay an appeal fee of $455.00, Plaintiff filed an Affidavit in Support of Request to Proceed In Forma Pauperis. [Document Number 65]

12

from having to pay the reasonable expenses incurred by Defendant that resulted from his disobedient conduct. See Farris v. Lanier Bus. Prods., Inc., 626 F. Supp. 1227 (N.D. Ga. 1986) (granting defendant's motion for attorney's fees and costs against pro se plaintiff who asserted frivolous claims of employment discrimination). "All litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 123 (2d Cir. 1988).

Plaintiff is not granted any greater rights than a party who is represented by an attorney; thus, his *pro se* status does not immunize him from the sanctions authorized by the Federal Rules. Before filing its Motion to Compel, Defendant made several good faith attempts to resolve its discovery disputes with Plaintiff without the need for Court intervention. When those attempts failed, Defendant was forced to incur the expenses associated with seeking relief from the Court. When Plaintiff refused to comply with the Court's Order compelling him to provide supplemental discovery requests, Defendant once again attempted to resolve the situation without involving the Court, and without incurring the additional costs associated with another Motion. However, Plaintiff's unjustified conduct in refusing to comply with the Court's discovery order has caused

13

DM2\1329935.1

Defendant to spend even more time and resources than should be necessary to obtain routine information such as the identity of Plaintiff's witnesses and any exhibits he intends to use at trial. Plaintiff's defiance of the Court's Order has and will continue to result in prejudice to Defendant[6] unless appropriate sanctions are imposed on Plaintiff to deter such conduct in the future. Therefore, Defendant requests that the Court order Plaintiff to pay its reasonable costs, including attorneys' fees, incurred in bringing this Motion and in its earlier efforts to obtain discovery responses from Plaintiff.[7]

## CONCLUSION

Based on the foregoing and the entire record in this action, Defendant The Wackenhut Corporation respectfully requests that the Court grant its Motion for Sanctions and issue an Order dismissing Plaintiff's Complaint, finding Plaintiff in contempt of court; requiring Plaintiff to pay the reasonable expenses, including attorneys' fees, incurred by Defendant in preparing this Motion and in its earlier

---

[6] As a result of Plaintiff's willful misconduct, Defendant's discovery efforts thus far have been significantly impeded. Not only has Defendant been prevented from preparing for and taking Plaintiff's deposition (the most important deposition in this case), but Defendant has also been unable to contact any of Plaintiff's purported witnesses to interview them concerning Plaintiff's allegations.

[7] In the event that the Court determines that it will impose monetary sanctions in addition to, or in lieu of, other sanctions, Defendant requests an opportunity to present evidence of its attorneys' fees and expenses in an appropriate manner and at an appropriate time.

efforts to obtain discovery responses from Plaintiff, and awarding such other relief that the Court deems appropriate and just under the circumstances.

Respectfully submitted this 26th day of December, 2007.

DUANE MORRIS LLP

/s/ James P. Ferguson, Jr.
Terry P. Finnerty
Georgia Bar No. 261561
James P. Ferguson, Jr.
Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, Georgia 30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 font.

/s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:07-CV-0567-CC-RGV |
| | ) | |
| WACKENHUT % GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December, 2007, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE WACKENHUT CORPORATION'S MOTION FOR SANCTIONS** with the Clerk of Court using the CM/ECF system.

I further certify that on this 26th day of December, 2007, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

> Donald Jones
> P.O. Box 261
> Red Oak, Georgia 30272

/s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

Attorney for Defendant
The Wackenhut Corporation

DM2\1329935.1