# Exhibit A

James v. Wackenhut &#037; Google Inc.　　Doc. 66 Att. 2

Dockets.Justia.com

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE

JAY P. FERGUSON, JR.
DIRECT DIAL: 404.253.6932
E-MAIL: jpferguson@duanemorris.com

www.duanemorris.com

August 2, 2007

Donald Jones
P.O. Box 261
Red Oak, GA 30272

Re: **Donald Jones v. The Wackenhut Corporation;**
    **Civil Action No. 1:07-CV-0567-CC-RGV**

Dear Mr. Jones:

I am writing to address your responses to Defendant Wackenhut's First Set of Interrogatories and First Request for Production of Documents. Because your responses to Defendant's discovery requests are inadequate, this letter requests various supplemental information from you. Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 37.1, please be advised that this letter represents Defendant's good-faith attempt to secure supplemental discovery responses from you without the Court's assistance.

I.  **Responses to Defendant Wackenhut's First Set of Interrogatories**

**Interrogatory Nos. 1, 2, 3 and 4**

With Interrogatory Nos. 1, 2, 3 and 4, Defendant is seeking to learn the identity of your witnesses, the contact information for those witnesses, and the basic facts (relating to this lawsuit) known by each witness. Your responses to these Interrogatories are non-responsive. To the extent you believe that a protective order is necessary for your witnesses, please explain why such an order is appropriate. Otherwise, please supplement your responses to each of these Interrogatories without further delay.

**Interrogatory No. 5**

Your response to Interrogatory No. 5 is non-responsive. Wackenhut has no idea what documents and exhibits you intend to use at trial. Even if you believe that Wackenhut already possesses those documents, we are still entitled to the information requested in this Interrogatory. Accordingly, as previously requested, please identify all documents and exhibits that you intend to use at trial.

### Interrogatory Nos. 7, 8 and 9

With Interrogatory Nos. 7, 8 and 9, Defendant seeks to determine whether you have complied with your duty to mitigate your damages. Federal case law makes clear that we are entitled to that information. As such, please supplement your responses to these Interrogatories.

### Interrogatory No. 11

Given your contention that you have suffered emotional distress, please indicate whether you have seen any doctors, physical therapists, nurses, psychologists, psychiatrists, or any other medical professionals as a result of Wackenhut's actions.

### Interrogatory No. 12

Your assertion that Defendant engaged in a "witch hunt" by propounding Interrogatory No. 12 lacks merit. You decided to file a lawsuit against Wackenhut. As a result, Defendant is entitled to conduct discovery to determine, among other things, whether you have a history of filing similar lawsuits or administrative charges, whether you have a criminal history (which is relevant to your credibility and relevant to Wackenhut's after-acquired evidence defense), and whether you have ever filed for bankruptcy. If you would rather dismiss this lawsuit than provide Wackenhut with the requested information, let me know. Otherwise, we expect that you will supplement your response to this Interrogatory.

### II. Responses to Defendant Wackenhut's First Request for Production of Documents

Your responses to Defendant's First Request for Production of Documents are likewise inadequate. Indeed, you failed to produce any documents in response to Wackenhut's document requests. Federal Rule 34 exists, in part, to provide litigants with a mechanism to obtain relevant documents from the opposing party during the discovery process. Ignoring that fact, you responded to several of Wackenhut's document requests by stating that Wackenhut already has the requested documents. Even if you believe (rightly or wrongly) that Wackenhut already possesses documents which are relevant to this case, you are still required by the Federal Rules to produce the requested documents within your possession, custody and control. Given the purpose of Federal Rule 34 and considering the broad discovery parameters set forth in Federal Rule 26, we request that you supplement all of your responses to Wackenhut's document requests and that you produce all of the requested documents.

In summary, your discovery responses are inadequate and need to be supplemented. We expect that you will supplement your responses on or before August 16, 2007. If you do not submit supplemental responses and produce all the responsive documents to Defendant on or before that date, Wackenhut will file a motion to compel with the Court and will seek to recover

all of the costs and attorneys' fees incurred in filing that motion. Thank you in advance for your cooperation with these matters.

Very truly yours,

*Jay Ferguson*

Jay P. Ferguson, Jr.

JPF/dhw

cc: Terry P. Finnerty, Esq.