# Exhibit D

James v. Wackenhut &#037; Google Inc.

Doc. 66 Att. 5

Dockets.Justia.com

LEXSEE 2006 US DIST LEXIS 40048


Positive
As of: Dec 21, 2007

**ARBOR INTERNATIONAL FOODS, L.L.C., a division of The Perimeter Group International, a Georgia Corporation, Plaintiff, v. RECO SALES CORPORATION, INC., a California Corporation d/b/a Specialty Foods, Defendant. RECO SALES CORPORATION, INC., a California Corporation, Counter-claimant, v. ARBOR INTERNATIONAL FOODS, L.L.C., a division of The Perimeter Group International, A Georgia Corporation, Counter-defendant.**

CIVIL ACTION NO. 1:05-cv-256-GET

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

2006 U.S. Dist. LEXIS 40048

June 16, 2006, Decided
June 16, 2006, Filed

**COUNSEL:** [*1] Arbor International Foods, L.L.C., a division of The Perimeter Group International, a Georgia Corporation, Plaintiff, Pro se, Arbor International Foods, L.L.C.; Carolyn Virginia Jordan, Law Office of Carolyn V. Jordan, Atlanta, GA; Patrick J. Reda, Keaton & Associates, Palatine, IL.

For Reco Sales Corporation, Inc. a California Corporation, doing business as Specialty Foods, Defendant: Steven G. Hall, Jonathan Evan Green, Kevin A. Stine, Gambrell & Stolz, Atlanta, GA.

For Richard E. Saulovich, individually, Defendant: Steven G. Hall, Kevin A. Stine, Gambrell & Stolz, Atlanta, GA.

For Reco Sales Corporation, Inc., a California Corporation, Counter Claimant: Steven G. Hall, Kevin A. Stine, Gambrell & Stolz, Atlanta, GA.

For Arbor International Foods, L.L.C., a division of The Perimeter Group International, a Georgia Corporation, Counter Defendant, Pro se, Watsonville, CA; Patrick J. Reda, Keaton & Associates, Palatine, IL.

**JUDGES:** G. ERNEST TIDWELL, JUDGE.

**OPINION BY:** G. ERNEST TIDWELL

**OPINION**

ORDER

The above-styled matter is presently before the court on:

(1) motion to withdraw as counsel for plaintiff by Patrick J. Reda and Carolyn W. Jordan [docket no. 33];

(2) defendant [*2] Reco Sales Corporation, Inc. d/b/a Specialty Foods' motion for sanctions [docket no. 32].

On January 28, 2005, plaintiff filed this action against defendants Reco Sales Corporation ("Reco") and its principal, Richard E. Saulovich, asserting claims for unpaid produce based on breach of contract and violations under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § § 499a-499s. Defendant Reco filed a counterclaim alleging damages due to plaintiff's failure to satisfactorily deliver produce in a timely manner.

On May 31, 2005, defendants Reco and Saulovich filed a motion to dismiss. On October 26, 2005, the court issued an order granting defendants' motion to dismiss as to plaintiff's claims against individual defendant Saulovich and denying the motion as to all other claims.

On February 22, 2006, the court issued an order granting defendant's motion to compel. Specifically, the court ordered plaintiff to supplement its responses to defendant's First Set of Interrogatories, to verify under oath that its responses to defendant's First Set of Interrogatories and its Supplemental Responses to Defendant's First Set of Interrogatories are truthful [*3] and correct, and to produce all documents requested in Defendant's First Set of Requests to Produce within ten days of the date of the order.

**Motion to withdraw**

On May 11, 2006, Carolyn W. Jordan and Patrick Reda filed a motion to withdraw as counsel for the plaintiff, citing irreconcilable differences. The motion also requested an additional thirty days from the date of any order permitting withdrawal to complete any oral discovery. At the time of the motion to withdraw, defendant's motion for sanctions was pending. The motion to withdraw did not refer to the motion for sanctions.

The only notice attached to counsels' motion consisted of a one page fax cover sheet informing the recipients that they owed past due amounts and recommending that they secure other counsel right away. While "Reco File No.: 4655" was one of the matters listed on the cover sheet, there was no specific reference to the style of this action. A separate "Notice to Withdraw as Counsel for Plaintiff/Counterdefendant" and "Amended Notice to Withdraw as Counsel for Plaintiff/Counterdefendant," were filed the same day containing all of the notice information required by LR 83.1E(2)(b). There is a [*4] certificate of service indicating that these notices were served on plaintiff.

On May 22, 2006, counsel for plaintiffs filed a "Response to Motion for Sanctions as Counsel for Plaintiff" which requested additional time to respond to the motion for sanctions but did not otherwise address defendant's allegations in the motion for sanctions. On June 13, 2006, counsel for plaintiff filed "Plaintiff's Sur-Response to Defendant's Reply Brief in Support of It's Motion for Sanctions," which the court will consider in resolving defendant's motion for sanctions.

Plaintiff has not objected to counsels' motion to withdraw. Therefore, the motion to withdraw as counsel for plaintiff Arbor International Foods, Inc. by Patrick J. Reda and Carolyn V. Jordan [docket no. 33] is GRANTED. Plaintiff is ADVISED that "a corporation is an artificial entity that can act only through agents, cannot appear pro se and must be represented by counsel. See *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Plaintiff is DIRECTED to notify the court of its new counsel within FIFTEEN (15) DAYS from the date of this order.

**Motion for Sanctions**

Defendant Reco filed a [*5] motion for sanctions for plaintiff's "willful violation of this Court's Discovery Order dated February 22, 2006 and for repeated and pervasive abuse of the discovery process." Defendant requests that the court strike plaintiff's complaint and its answer to defendant's counterclaims, and enter judgment of default in favor of defendant.

Defendant contends that plaintiff still has not produced, *inter alia*: (1) account receivables statements, (2) all communications between the parties, and (3) the purchase orders and bills of lading for the transactions at issue. Furthermore, while plaintiff timely served supplemental discovery responses as required by the court's February 22 Order, plaintiff did not make documents available for production until March 31, 2006. The documents produced by plaintiff at that time did not include a majority of the requested documents. Plaintiff's counsel did not attend the documents inspection and production.

Plaintiff's counsel contends that they have attempted to the best of their ability to facilitate compliance with the court's February 22 Order. It is undisputed, however, that all of the required documents have not been produced.

"If a party... [*6] fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following ... striking out pleadings or parts thereof. ..." *Fed. R. Civ. P. 37(b) (2) (C)*. Dismissal with prejudice is the most severe *Rule 37* sanction but it may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault. Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith, and (2) the district court finds that lesser sanctions would not suffice. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) ("Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a *Rule 37* default judgment or dismissal.").

In the instant case, plaintiff violated this court's February 22 Order by failing to timely produce all requested documents and by failing to provide a complete document production [*7] at the March 31, 2006 document inspection. Plaintiff did not produce the following requested documents: documents outlining defendant's account status with plaintiff from 2002-2005 and plaintiff's account receivables statements from 2002-2005. Furthermore, no bills of lading, purchase orders or invoices from plaintiff's suppliers have been produced in

relation to any transaction occurring in 2004, including those transactions for which plaintiff is seeking payment from defendant.

Defendant contends that plaintiff's responses to written discovery responses do not reflect the actual document production, which defendant contends indicates a strong likelihood that plaintiff possesses additional responsive documents that have not been produced.

Violation of a discovery order is deemed willful if it is demonstrated that the party consciously or intentionally fails to comply with the terms of the order. See *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993)(stating dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault). A party claiming an inability to comply with a production order must produce evidence to support its [*8] naked assertion. *Malautea, 987 F.2d at 1543*.

In the instant case, plaintiff has failed to make the required production. Plaintiff points to no evidence attempting to excuse its failure and has not contested that defendant is entitled to the production of the documents. Therefore, the court finds that plaintiff's actions have been willful.

Furthermore, plaintiff's failure has prejudiced defendant. The primary defense asserted by defendant to plaintiff's claims is that it issued charge backs and received deductions from plaintiff for damages arising from late shipments from plaintiff. Proof of this defense requires documents in the possession of plaintiff. The lack of these documents also has hindered defendant's ability to depose plaintiff and its employees. Discovery closed June 2, 2006, after three extensions, and the court has stated that no more extensions will be granted. Therefore, the court agrees with defendant that its ability to prepare its defense has been severely prejudiced by the failure of plaintiff to comply with discovery.

Finally, the court finds that lesser sanctions are insufficient to maintain the integrity of the judicial process. Plaintiff [*9] chose this federal forum but has failed to participate in discovery as contemplated by the federal rules. Plaintiff's violation of the court's February 22 Order was willful and intentional, and plaintiff has engaged in a consistent practice of both withholding information and documents from production and of misstating the existence of those documents. A monetary sanction alone would not correct the prejudice created by plaintiff's misconduct.

Having considered defendant's motion for sanctions and the record as a whole, including plaintiff's surresponse, the court hereby **GRANTS** in part and **DENIES** in part defendant's motion for sanctions [docket no. 32]. Specifically, the court **GRANTS** defendant's motion for sanctions to the extent that it seeks to strike plaintiff's complaint. Plaintiff's complaint is hereby **DISMISSED** with prejudice. The motion is **DENIED** to the extent it seeks to strike plaintiff's Answer to defendant's counterclaim.

Summary

(1) Motion to withdraw as counsel for plaintiff by Patrick J. Reda and Carolyn W. Jordan [docket no. 33] is **GRANTED**. Plaintiff is **ADVISED** that "a corporation is an artificial entity that can act only through agents, cannot [*10] appear pro *se* and must be represented by counsel. See *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Plaintiff is **DIRECTED** to notify the court of its new counsel within **FIFTEEN (15) DAYS** from the date of this order;

(2) Defendant Reco Sales Corporation, Inc. d/b/a Specialty Foods' motion for sanctions [docket no. 32] is **GRANTED** in part and **DENIED** in part. the court **GRANTS** defendant's motion for sanctions to the extent that it seeks to strike plaintiff's complaint. Plaintiff's complaint is hereby **DISMISSED** with prejudice. The motion is **DENIED** to the extent it seeks to strike plaintiff's Answer to defendant's counterclaim.

**SO ORDERED**, this 16 day of June, 2006.

G. ERNEST TIDWELL, JUDGE

UNITED STATES DISTRICT JUDGE