# EXHIBIT C

Jones v. Wackenhut &#037; Google Inc.　　　Doc. 76 Att. 12

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF CARLOS GARCIA

1.

I, Carlos Garcia, am of majority age, competent to testify and make this Declaration based on personal knowledge of facts I know to be true and correct.

2.

I am currently employed with The Wackenhut Corporation ("Wackenhut"). In 2006, I was employed with Wackenhut as an Account Manager. One of the accounts under my supervision was Google, Inc. ("Google"), a Wackenhut client in Atlanta, Georgia. Wackenhut employee Jennifer Turner works onsite at Google's Atlanta facility and supervises the Wackenhut security guards on assignment there. In 2006, I served as Ms. Turner's supervisor.

3.

On July 21, 2006, Ms. Turner forwarded me an email that she received from J.E. Penifold, who was Google's Facility Manager in Atlanta. In that email, Mr. Penifold complained that he had personally observed Security Officer Donald Jones sleeping on the job.

4.

Based on Wackenhut's receipt of Mr. Penifold's complaint about Mr. Jones and on Wackenhut's policy which prohibits guards from sleeping on the job, Ms. Turner, Mr. Penifold and I decided to end Mr. Jones' guarding assignment at Google. In making the decision to end Mr. Jones' Google assignment, I did not consider Mr. Jones' race or age. Likewise, I did not consider Mr. Jones' prior filings with the Equal Employment Opportunity Commission as a factor when making that decision.

5.

Rather than discharging Mr. Jones, on July 25, 2006, Wackenhut issued a "Final Warning" to him which warned that "future related violations will result in progressive disciplinary action, up to and including dismissal." A true and correct copy of that "Final Warning" is attached as Exhibit 1.

2

DM2\1380088.1

6.

Also on July 25, 2006, I offered Mr. Jones three alternative guarding assignments with other Wackenhut customers – Quaker Oats, Yamaha, and General Electric ("GE"). Mr. Jones accepted the GE assignment.

7.

If Wackenhut had allowed Mr. Jones to remain on assignment at Google after July 21, 2006, I believe that Wackenhut's relationship with Google would have been negatively impacted, considering Mr. Penifold's instruction (in his July 21 email to Ms. Turner) to "handle this matter expeditiously."

8.

I am Hispanic, and I am 46 years old.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of February, 2008.

_____
Carlos Garcia

DM2:1380088.1

# EXHIBIT 1



# Wackenhut

## EMPLOYEE DISCIPLINARY/CORRECTIVE ACTION NOTICE

EMPLOYEE NAME: JONES, DONALD           DATE: 07-21-2006

AREA: ATLANTA      FACILITY: GOOGLE      S.S. #: 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

TYPE OF ACTION:
- [ ] ORAL WARNING
- [ ] WRITTEN WARNING
- [x] FINAL WARNING: Your job is in jeopardy. Failure to comply with the conditions of this warning will result in your termination
- [ ] SUSPENSION for ___ days
- [ ] DISCHARGE

**REASON(S) FOR DISCIPLINARY ACTION:**
Violation of Wackenhut Security Officer Handbook: 2.1 - Attention to Duty: A Security Officer shall demonstrate interest in their work by alertness & attention to duty. 2.7 - Conduct While On Duty: A Security Officer will remain awake & alert at all times during his or her tour of duty. Will not use threatening, abusive or insulting language or behave in a disrespectfull manner towards the public or fellow employees. 2.15 - DISCIPLINE: Grounds For Immediate Dismissal: 2. Extreme Subordination, 14. Sleeping on duty. On July 21, 2006, at approx. 1645 hrs, Mr. J.E. Penfold (a client representative) observed you on duty, asleep in a chair while on post. A short time later when he returned, you were again observed asleep in the same chair. Previous to this you were ordered by your supervisor (Ms. Jennifer Turner) that you will not over-extend your shift, however, you ignored this order. When you were later questioned regarding this incident you called the client & your supervisor a liar. You acted and responded in a belligerent and disrespectful manner.

**CORRECTIVE STEPS REQUIRED:**
You will be required to review the Security Officers Handbook, specifically Section II, Chapter 1. Requirements of a Security Officer and Chapter 2. Rules and Regulations. As per the client's request you will be removed from the Google site and reassigned.

**ACTION TO BE TAKEN IF ISSUE IS NOT CORRECTED:**
Future related violations will result in progressive disciplinary action, up to and including dismissal.

**SUPERVISOR'S REMARKS:**
Prompt obedience & proper execution is expected whenever an order is received by your supervisor. Additionally, we are to conduct ourselves at all times in a manner which will reflect credit on ourselves and The Wackenhut Corporation. You will be expected to be courteous and well mannered towards other employees and the public.

**EMPLOYEE'S COMMENTS:**

SIGNATURE OF EMPLOYEE: _Donald Jones_    DATE: 7/25/06
(Signature does not mean agreement but acknowledges that action was taken)

SIGNATURE OF SUPERVISOR: _Carls M Garcia_    DATE: 7/25/06

SIGNATURE OF WITNESS: _Denise A. Kirby_    DATE: 7/25/06

Disposition of Form: Personnel File

W-23 (06/30/06)

Attachment 1