IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:07-CV-0567-CC-RGV |
| | ) |
| WACKENHUT % GOOGLE INC., | ) |
| | ) |
| Defendant. | ) |

## **RESPONSE TO "PLAINTIFF PESPONSE TO MAGISTRATE ORDER"**

COMES NOW Defendant The Wackenhut Corporation (hereinafter "Wackenhut") and files this Response to "Plaintiff Pesponse (*sic*) to Magistrate Order." For the reasons discussed below, Wackenhut respectfully requests that the Court issue an Order denying and/or overruling "Plaintiff Pesponse (*sic*) to Magistrate Order" (hereinafter "Response").

## **LEGAL ARGUMENT**

With his Response, Plaintiff argues that "the discovery period is moot" and that "the case was under the jurisdiction of the appeals court." (Response at 1).[1]

---

[1] Also with his Response, Plaintiff once again seeks the recusal of Judge Cooper. Plaintiff cites no valid reason for recusal, and thus, his request should be denied.

DM2\1391462.1

Wackenhut is not sure what relief Plaintiff seeks with these unsupported arguments.

To the extent Plaintiff contends that this Court did not have jurisdiction over this case during the pendency of his frivolous appeal or that the discovery period was stayed during the pendency of his appeal, those arguments fail as a matter of law. Federal case law makes clear that because Plaintiff's appeal was an appeal of a non-final Order (an Order which denied his first Motion to Recuse), the appeal was improper. See Marin v. Norton, No. 91-1338, 1992 U.S. Dist. LEXIS 1934 (10th Cir. February 5, 1992) (noting that a "district court's denial of a motion to recuse is not appealable until final judgment is entered").[2] Because Plaintiff's appeal was improper, this Court was not deprived of jurisdiction during the pendency of the appeal. See McKesson HBOC, Inc. v. Islamic Republic of Iran, 315 F. Supp.2d 63 (D.D.C. 2004); see also Local P-171 v. Thompson Farms Co., 642 F.2d 1065 (7th Cir. 1981).

Even if Plaintiff's appeal had been a valid interlocutory appeal under 28 U.S.C. § 1292, the appeal would not have automatically stayed the proceedings in this Court. Indeed, 28 U.S.C. § 1292 notes that "application for an appeal

---

[2] The Lexis case cited herein is attached as Exhibit 1.

hereunder <u>shall not stay proceedings in the district court</u> unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292 (emphasis added); <u>see</u> <u>also</u> <u>Bean v. Buffalo</u>, 822 F. Supp. 1016 (W.D.N.Y. 1993) (holding that the district court was not divested of jurisdiction while defendants' frivolous appeal was pending; the court also refused to stay the proceedings during the pendency of the frivolous appeal). Plaintiff could have sought a stay of the proceedings before this Court while his appeal was pending. He failed to do that. Similarly, Plaintiff failed to seek an extension of the discovery period while his appeal was pending.[3] For these reasons, Wackenhut respectfully requests that the Court deny and/or overrule Plaintiff's Response.

Respectfully submitted this 11th day of March, 2008.

DUANE MORRIS LLP

/s/ James P. Ferguson, Jr.
Terry P. Finnerty
Georgia Bar No. 261561
James P. Ferguson, Jr.
Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700

---

[3] Plaintiff certainly knew how to seek an extension of the discovery period, as evidenced by the fact that the parties jointly sought and obtained one discovery extension in this case.

Atlanta, Georgia 30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 font.

/s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:07-CV-0567-CC-RGV |
| ) | |
| WACKENHUT % GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2008, I electronically filed the foregoing **RESPONSE TO "PLAINTIFF PESPONSE TO MAGISTRATE ORDER"** with the Clerk of Court using the CM/ECF system.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

> Donald Jones
> P.O. Box 261
> Red Oak, Georgia  30272

>> /s/ James P. Ferguson, Jr.
>> James P. Ferguson, Jr.
>>
>> Attorney for Defendant
>> The Wackenhut Corporation