# EXHIBIT 1

FOCUS™ Terms                     Search Within  Original Results (1 - 1)  Go →

View: Full | Custom                      ◄ 1 of 1 ►        FAST Print   Print | Dow
                    More Like This | More Like Selected Text | *Shepardize*® | TOA
                    Ⓐ Marin v. Norton, 1992 U.S. App. LEXIS 1934  (Copy w/ Cite)

Service: **Get by LEXSEE®**
Citation: **1992 U.S. app. LEXIS 1934**

*1992 U.S. App. LEXIS 1934, ***

MELVIN M. MARIN, Plaintiff-Appellant, v. GALE A. NORTON, Attorney General of the State of Colorado; COLORADO BOARD OF LAW EXAMINERS, Defendants-Appellees.

No. 91-1338

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

1992 U.S. App. LEXIS 1934

February 5, 1992, Filed

**NOTICE: [*1]** THIS ORDER AND JUDGMENT HAS NO PRECEDENTIAL VALUE AND SHALL NOT BE CITED, OR USED BY ANY COURT WITHIN THE TENTH CIRCUIT, EXCEPT FOR PURPOSES OF ESTABLISHING THE DOCTRINES OF THE CASE, RES JUDICATA, OR COLLATERAL ESTOPPEL. 10TH CIR. R. 36.3.

**SUBSEQUENT HISTORY:** Reported as Table case at 956 F.2d 278, 1992 U.S. App. LEXIS 103449

**PRIOR HISTORY:** (D. Colo. No. 91-N-766).

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Appellant, bar applicant, sought to challenge a number of rulings that the United States District Court for the District of Colorado made although the case was still pending and no final order had been entered in his claim against appellees, attorney general and board of law examiners, that the bar application process was unconstitutional.

**OVERVIEW:** Bar applicant alleged that the Colorado bar application process was unconstitutional because it required applicants to waive their First Amendment rights before their applications would be considered. The district court granted the bar's motion for protective orders, thereby staying discovery and prohibiting applicant from deposing certain attorneys general, and denied applicant's motion to compel discovery. The court held that pretrial discovery orders were nonappealable. The court held that the rest of the issues that applicant sought to appeal required a final judgment. The court held that it had no jurisdiction to hear applicant's claim until entry of final judgment.

**OUTCOME:** The court dismissed for lack of jurisdiction.

**CORE TERMS:** discovery orders, nonappealable, appealable, oral argument, final order,

final judgment, interlocutory, sanctioned, discovery, recuse

**LEXISNEXIS® HEADNOTES**     ⊟ **Hide**

Civil Procedure > Discovery > General Overview
Civil Procedure > Pretrial Matters > General Overview
Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule

**HN1** ⭐ Pretrial discovery orders are ordinarily not appealable as final orders under 28 U.S.C.S. § 1291. The law is substantially settled that neither a party nor a nonparty to litigation may bring an immediate appeal of a discovery order. More Like This Headnote

Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule
Legal Ethics > Sanctions > General Overview

**HN2** ⭐ Generally parties and attorneys sanctioned during litigation must bear the burden of sanctions to the conclusion of the case and appeal on the merits of a fully adjudicated case. More Like This Headnote

Civil Procedure > Discovery > Misconduct
Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule

**HN3** ⭐ Orders imposing sanctions under Fed. R. Civ. P. 37 are interlocutory and may not be appealed until entry of final judgment. More Like This Headnote

**JUDGES:** Before LOGAN, BARRETT, and EBEL, Circuit Judges.

**OPINION BY:** DAVID M. EBEL

**OPINION**

**ORDER AND JUDGMENT**

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

The appellant, Melvin M. Marin, filed suit in the United States District Court for the District of Colorado, alleging that the Colorado bar application process is unconstitutional because it requires applicants to waive their First Amendment rights before their applications will be considered. Appellant's Opening Brief at 1. Although the case is still pending and no final order has been entered, the appellant seeks to appeal a number of rulings that the district **[*2]** court has made in that case. We dismiss for lack of jurisdiction because the rulings appealed are nonappealable interlocutory decisions under 28 U.S.C. §§ 1291 and 1292 and no exceptions apply. ¹

**FOOTNOTES**

¹ Accordingly, we deny the appellant's motion to consolidate. However, we grant the appellant's motion for waiver of rules requiring multiple submissions of briefs.

First, Marin appeals certain discovery orders. The district court granted the appellees' motion for protective orders, thereby staying discovery and prohibiting Marin from deposing certain Colorado Attorneys General, and denied Marin's motion to compel discovery. These orders are nonappealable. See Graham v. Gray, 827 F.2d 679, 681 (10th Cir. 1987) ("*HN1*Pretrial discovery orders are ordinarily not appealable as final orders under 28 U.S.C. § 1291."); Appeal of Licht & Semonoff, 796 F.2d 564, 568 (1st Cir. 1986) ("The law is substantially settled that neither a party nor a nonparty to litigation may bring an immediate [*3] appeal of a discovery order.").

Second, Marin appeals the district court's denial of his motions for Rule 11 sanctions. This denial is nonappealable. "We have held that *HN2*generally parties and attorneys sanctioned during litigation 'must bear the burden of sanctions to the conclusion of the case and appeal on the merits of a fully adjudicated case.'" Dodd Ins. Services v. Royal Ins. Co. of America, 935 F.2d 1152, 1154 n.1 (10th Cir. 1991) (citing D&H Marketers, Inc. v. Freedom Oil & Gas, Inc., 744 F.2d 1443, 1446 (10th Cir. 1984)).

Third, Marin appeals the district court's award of costs to the appellees under Federal Rule of Civil Procedure 37. In Ohio v. Arthur Andersen & Co., 570 F.2d 1370 (10th Cir. 1977), cert. denied, 439 U.S. 833 (1978), we held that an order imposing preclusionary and monetary sanctions for noncompliance with discovery orders under Rule 37 was final and appealable under Cohen. In D&H Marketers, Inc., 744 F.2d at 1446, however, we limited Ohio to its facts: a sanction order that if complied with may put the sanctioned party in violation of foreign [*4] law and that may result in irreparable harm. See G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 828-29 n.5 (10th Cir. 1990). These circumstances do not exist in the case at bar. Accordingly, we follow the general rule that "*HN3*orders imposing sanctions under Rule 37 are interlocutory and may not be appealed until entry of final judgment." United States v. Westinghouse Elec. Corp., 648 F.2d 642, 651 (9th Cir. 1981).

Finally, Marin appeals the court's denial of his motion to recuse Judge Nottingham. A district court's denial of a motion to recuse is not appealable until final judgment is entered. City of Pittsburgh v. Simmons, 729 F.2d 953, 954 (3d Cir. 1984); In re Corrugated Container Antitrust Litigation, 614 F.2d 958, 961 (5th Cir.), cert. denied, 449 U.S. 888 (1980); United States v. State of Washington, 573 F.2d 1121, 1122 (9th Cir. 1978).

For the reasons stated above, this appeal is DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.

Entered for the Court

David M. [*5] Ebel, Circuit Judge

View: **Full** | Custom        < 1 of 1 >    FAST Print    Print | Download | Fax | Email | Text Only
More Like This | More Like Selected Text | Shepardize® | TOA

Marin v. Norton, 1992 U.S. App. LEXIS 1934  (Copy w/ Cite)        Pages: 4

Service: **Get by LEXSEE®**
Citation: **1992 U.S. app. LEXIS 1934**
View: Full
Date/Time: Tuesday, March 11, 2008 - 10:04 AM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs

⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
Ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.