IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:07-CV-0567-CC-RGV |
| | ) |
| WACKENHUT % GOOGLE INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

Plaintiff's "Motion to Defendant Motion for Summary Judgment and Memorandum of Law" (hereinafter "Response") is the latest unsupported, bereft-of-logic filing submitted by Plaintiff in this matter. With his Response, Plaintiff fails to raise a material issue of disputed fact, and he fails to respond to most of Wackenhut's arguments, thus conceding every argument to which no response is made.[1] Plaintiff's

---

[1] Moreover, Plaintiff failed to properly respond to Wackenhut's Statement of Undisputed Material Facts. Instead, Plaintiff submitted an "Objection of Defendants Undisputed Material Facts" (hereinafter "Objection") which does not comply with the Court's Local Rules. In violation of Local Rule 56.1(B)(2)(a)(2), Plaintiff's Objection does not attempt to refute (by citing record evidence) the facts contained in Wackenhut's Statement of Undisputed Material Facts. Similarly, in violation of Local Rule 56.1(B)(2)(b), Plaintiff failed to provide a statement of facts which he contends are material and present a genuine issue for trial. For these reasons, the facts cited in Wackenhut's Statement of Undisputed Material Facts should be deemed admitted.

Response instead is comprised of speculation, conjecture and wishful thinking. In violation of Federal Rule 56, Plaintiff offers only conclusory statements and provides no legal or factual analysis to support his claims. Plaintiff does nothing more than state his personal opinion that he was discriminated against. For each of his claims, Plaintiff fails to offer any evidence that Wackenhut's decisions were motivated by his race, age or engagement in a protected activity. Plaintiff's disappointment with Wackenhut's decisions and his personal beliefs about discrimination and retaliation (absent any supporting evidence) are not sufficient to withstand summary judgment. For these reasons, as discussed more fully below, Wackenhut is entitled to summary judgment in this matter.

## ARGUMENT AND CITATION OF AUTHORITY

**I. PLAINTIFF ABANDONED HIS RACE DISCRIMINATION CLAIM.**

In his Response, Plaintiff did not respond to Wackenhut's argument that he failed to exhaust the administrative prerequisites for his race discrimination claim. Because Plaintiff failed to respond to Wackenhut's motion regarding that claim, he has abandoned it as a matter of law. See Bute v. Schuller Int'l Inc., 998 F. Supp. 1473, 1477 (N.D. Ga. 1998) (dismissing retaliation claim because plaintiff abandoned it by not responding to defendant's arguments).

## II. PLAINTIFF'S DISCRIMINATION CLAIMS FAIL UNDER THE MCDONNELL DOUGLAS FRAMEWORK.

Plaintiff fails to satisfy his burden under the McDonnell Douglas framework because he cannot establish a prima facie case of discrimination and because he cannot demonstrate pretext. Rather, the undisputed record evidence reflects that Plaintiff was not allowed to return to his guarding assignment at Google after Wackenhut received a complaint from Google that he was sleeping at his security post while on duty.

### A. Plaintiff Cannot Establish A Prima Facie Case Of Discrimination.

In its Memorandum of Law in Support of its Motion for Summary Judgment, Wackenhut asserted that Plaintiff cannot establish the third and fourth elements of his prima facie case.[2] Plaintiff's Response fails to even address the third prima facie prong. Thus, it remains undisputed that Plaintiff cannot identify any white employees or any employees below the age of 40 who engaged in misconduct similar to his and who were treated more favorably than him. For this reason alone, summary judgment is proper on Plaintiff's discrimination claims. See Jones v. Winn-Dixie Stores, Inc., 75 F. Supp.2d 1357, 1364-65 (S.D. Fla. 1999) (dismissing discrimination claim where

---

[2] To establish a prima facie case of discrimination, Plaintiff must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) Wackenhut treated similarly-situated employees outside his protected class more favorably than him; and (4) he was qualified for his position. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

plaintiff failed to prove that a comparator received more favorable treatment); Jones v. Gerwens, 874 F.2d 1534, 1541 (11th Cir. 1989) (same).

Likewise, with his Response, Plaintiff fails to cite any record evidence establishing that he was qualified for his guarding assignment at Google, the fourth prima facie prong. Rather, it remains undisputed that Google was dissatisfied with Plaintiff's performance, as evidenced by an email sent from Google Facility Manager J.E. Penifold to Site Security Manager Jennifer Turner. (Turner Decl. at ¶ 10; Pl. Dep. Exh. 12). That email states, in relevant part: "we cannot tolerate this type of [sleeping] activity as our business nature is one of utmost security.... Please handle this matter expeditiously." (Pl. Dep. Exh. 12). Based on this record evidence (which Plaintiff does not even address or attempt to refute in his Response), Plaintiff cannot establish the fourth prima facie prong. Accordingly, his discrimination claims cannot withstand summary judgment.

**B. Plaintiff Cannot Point To Any Evidence Of Pretext.**

Even if Plaintiff could establish a prima facie case (which he cannot), his discrimination claims would still fail because he has offered no evidence that the reason for Wackenhut's employment decisions was a pretext for unlawful discrimination. Indeed, his Response fails to address (much less rebut) Wackenhut's

legitimate, non-discriminatory reason, namely that his Google assignment was ended after Wackenhut received a complaint from Google about him sleeping on the job.

Furthermore, even if Plaintiff could show that he was not sleeping on the job and thus that Google's complaint about him was false, he cannot rebut that <u>Wackenhut received the complaint</u> from Google and that <u>Wackenhut based its decision on that complaint</u>. (Pl. Dep. at 102, 124). These undisputed facts show that Wackenhut had a good faith belief that Plaintiff's job performance was unacceptable and thus that the ending of his assignment was proper. <u>See</u> <u>EEOC v. Total Sys. Servs., Inc.</u>, 221 F.3d 1171, 1176 (11th Cir. 2000) (in an employment context, a decision-maker's good faith belief is the relevant inquiry); <u>Jones</u>, 874 F.2d at 1540 ("[t]he law is clear that, even if a Title VII claimant did not in fact commit the violation with which he is charged, an employer successfully rebuts any <u>prima</u> <u>facie</u> case of disparate treatment by showing that it honestly believed the employee committed the violation"); <u>Damon v. Fleming Supermarkets of Florida, Inc.</u>, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999) (holding that an employer cannot be held liable for discharging an employee "under the mistaken but honest impression that the employee violated a work rule"). Based on this legal authority, Plaintiff cannot establish pretext, and summary judgment is proper on his discrimination claims.

As the sole support for his claims, Plaintiff contends that he was "harassed" during his deposition. (Response at 1). Plaintiff's assertion is preposterous. As the transcript from his deposition makes clear, Plaintiff refused to answer relevant questions throughout his deposition. For example, he refused to answer questions designed to establish that he has a history of filing frivolous discrimination lawsuits against <u>all</u> of his employers. (Pl. Dep. at 16-19, 27-28, 40). Moreover, during his deposition, Plaintiff routinely offered long-winded, non-responsive, illogical answers. (Pl. Dep. at 26-27, 42, 76-79, 102, 116, 119-123, 138-142, 158-159, 213-214, 217). Defense counsel merely sought to ascertain the facts purportedly supporting Plaintiff's claims in this action, and it is reasonable for defense counsel to ask Plaintiff to properly respond to deposition questions. Rather than discussing relevant facts, Plaintiff seemed intent on offering non-responsive diatribes. Nonetheless, the exchange between Plaintiff and defense counsel at deposition has nothing to do with Wackenhut's actions and does not lend support to Plaintiff's frivolous discrimination claims. Even if Plaintiff was harassed during his deposition (which he clearly was not), such "evidence" is not enough to survive summary judgment. For these reasons, Wackenhut respectfully requests an Order granting summary judgment.

## III. SUMMARY JUDGMENT IS PROPER ON PLAINTIFF'S RETALIATION CLAIMS.

In his Response, Plaintiff failed to respond to the arguments contained in Wackenhut's summary judgment brief showing that his retaliation claims cannot survive summary judgment. Because Plaintiff failed to respond to Wackenhut's motion regarding the retaliation claims, he has abandoned them as a matter of law. See Bute, 998 F. Supp. at 1477 (dismissing retaliation claim because plaintiff abandoned it by not responding to defendant's arguments).

To the extent the Court determines that Plaintiff did not abandon his retaliation claims, summary judgment is proper on those claims because Plaintiff has completely failed to establish any triable issue with respect to them. Wackenhut will not burden the Court by rehashing its arguments in support of the dismissal of Plaintiff's retaliation claims. Instead, given Plaintiff's failure to offer any evidence in support of these claims (as was required by Federal Rule 56), Wackenhut relies upon the arguments asserted in its original summary judgment papers for the proposition that summary judgment is proper on Plaintiff's retaliation claims. (See Wackenhut's Memorandum of Law in Support of Motion for Summary Judgment at pages 18-25).

## **CONCLUSION**

For the foregoing reasons, Defendant The Wackenhut Corporation respectfully requests that the Court grant its Motion for Summary Judgment.

Respectfully submitted this 24th day of March, 2008.

                                            DUANE MORRIS LLP

                                            <u>s/ James P. Ferguson, Jr.</u>
                                            Terry P. Finnerty
                                            Georgia Bar No. 261561
                                            James P. Ferguson, Jr.
                                            Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, Georgia 30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 font.

s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No: 1:07-CV-0567-CC-RGV |
| | ) |
| WACKENHUT % GOOGLE INC., | ) |
| | ) |
|    Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2008, I electronically filed the foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Donald Jones
    P.O. Box 261
    Red Oak, Georgia  30272

                                            s/ James P. Ferguson, Jr.
                                            James P. Ferguson, Jr.

                                            Counsel for Defendant
                                            The Wackenhut Corporation