IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:07-CV-0567-CC-RGV |
| | ) |
| WACKENHUT % GOOGLE INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSE TO "PLAINTIFF'S RESPONSE TO MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION"

COMES NOW Defendant The Wackenhut Corporation (hereinafter "Defendant"), pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), and submits this Response to "Plaintiff's Response to Magistrate Judge's Final Report and Recommendation." For the reasons discussed below, Defendant respectfully requests that the Court adopt the Magistrate Judge's Final Report and Recommendation dated June 17, 2008, which recommended that Defendant's Motion for Summary Judgment be granted in its entirety.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This is an employment discrimination case. On March 12, 2007, Plaintiff (who is proceeding *pro se*) filed a Complaint alleging that Defendant subjected him to race and age discrimination and retaliation. On July 11, 2007, Defendant filed its Answer

DM2\1494345.1

to Plaintiff's Complaint. After being extended, the discovery period closed on February 8, 2008.

On February 28, 2008, Defendant filed a Motion for Summary Judgment. Plaintiff filed a response in opposition to Defendant's dispositive motion on March 11, 2008. On June 17, 2008, the Magistrate Judge issued a Final Report and Recommendation, which recommended that Defendant's dispositive motion be granted in its entirety. As the Magistrate Judge correctly held, although Plaintiff may believe that he was subjected to discrimination and retaliation, he has failed to cite any record evidence to support his claims.

On June 27, 2008, Plaintiff filed his "Response to Magistrate Judge's Final Report and Recommendation" (hereinafter "Objection"). With his Objection, Plaintiff has not challenged the specific findings of the Magistrate Judge, and he has failed to offer any persuasive reason why the Final Report and Recommendation should not be adopted. Accordingly, Defendant requests that the Court enter an Order dismissing Plaintiff's Objection and adopting the Magistrate Judge's Final Report and Recommendation.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Objection does not advance any plausible argument demonstrating why the Magistrate Judge's Final Report and Recommendation dated June 17 should

be disregarded. Instead, without citing any record evidence or any applicable legal authority, Plaintiff complains that the Final Report and Recommendation is "bias" [sic] and suggests that the Magistrate Judge denied "the plaintiff discovery." (Objection at 1).

Plaintiff's Objection should be overruled because it fails to reference any specific section of the Magistrate Judge's Final Report and Recommendation which is alleged to be objectionable. For this reason alone, Plaintiff's Objection is without merit. See Macort v. Prem, Inc., 208 Fed. Appx. 781, 783 (11th Cir. 2006) ("In order to challenge the findings and recommendations of the magistrate, a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989)).

Furthermore, contrary to Plaintiff's assertion, a cursory review of the Magistrate Judge's Final Report and Recommendation reveals that it is a well-reasoned opinion with citations to record evidence and relevant legal authority. Plaintiff's Objection, on the other hand, is merely another self-serving filing in which Plaintiff makes the unfounded assertion that the Court has some kind of personal prejudice against him. Plaintiff's unpersuasive conjecture is insufficient to survive summary judgment. See Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1471 (11th

Cir. 1991) (holding that a plaintiff's speculation and conclusory allegations were not sufficient to withstand summary judgment).

Lastly, Plaintiff's assertion that the Magistrate Judge denied him discovery is preposterous. Plaintiff never filed a motion to compel with the Court. Rather, it was Defendant that was forced to file two discovery motions based on Plaintiff's failure to cooperate during discovery. For example, Plaintiff stubbornly refused to provide Defendant with the names of his witnesses, despite the Court's Order dated October 31, 2007 which compelled him to do so. During Plaintiff's deposition, defense counsel reminded Plaintiff that the Court had issued an Order compelling him to disclose the names of his witnesses. Plaintiff shockingly responded that "I'm not going to comply with anything with [Judge Cooper]," that "Judge Cooper, to me, is not a judge, much of a judge," and that "Judge Cooper is not going to be the judge." (Plaintiff's deposition at p. 213-214). Given these facts, it is clear that Defendant, not Plaintiff, was the only party prevented from obtaining relevant information during the discovery period. Accordingly, Plaintiff's unsupported assertion that the Magistrate Judge denied him discovery lacks merit, and Plaintiff's Objection should be overruled.

## **CONCLUSION**

For the forgoing reasons, Defendant The Wackenhut Corporation respectfully requests that the Court adopt the Magistrate Judge's Final Report and Recommendation dated June 17, 2008.

Respectfully submitted this 1st day of July, 2008.

                                                DUANE MORRIS LLP

                                                /s/ James P. Ferguson, Jr.
                                                Terry P. Finnerty
                                                Georgia Bar No. 261561
                                                James P. Ferguson, Jr.
                                                Georgia Bar No. 258743

1180 West Peachtree Street
Suite 700
Atlanta, Georgia  30309
(404) 253-6900 (telephone)
(404) 253-6901 (facsimile)

Counsel for Defendant
The Wackenhut Corporation

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 font.

/s/ James P. Ferguson, Jr.
James P. Ferguson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No: 1:07-CV-0567-CC-RGV |
| | ) |
| WACKENHUT % GOOGLE INC., | ) |
| | ) |
|     Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2008, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO "PLAINTIFF'S RESPONSE TO MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION"** with the Clerk of Court using the CM/ECF system.

I further certify that on this 1st day of July, 2008, I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Donald Jones
    P.O. Box 261
    Red Oak, Georgia 30272

                                        /s/ James P. Ferguson, Jr.
                                        James P. Ferguson, Jr.

                                        Attorney for Defendant
                                        The Wackenhut Corporation